## DEMIER VS. DURAND.

A bill of exceptions was duly settled and signed by the judge, both parties appearing. Afterwards the appellant's counsel persuaded the judge to sign another bill of exceptions. It appeared that no notice was given of the settlement of the second bill; and the court refused to consider it as part of the record.

A motion to dismiss the appeal for the reason that the matters contained in the first bill of exceptions were blended in the printed case with matters which belonged only to the second bill, was denied, on the ground that it was possible to distinguish the two bills as printed.

This court will not review the finding of facts by the court below, even though the evidence brought up does not sustain it, if it appears that a part of the evidence is not contained in the bill of exceptions. The presumption would be that the evidence omitted was such as to support the finding.

Under the Code, the rule upon this point is the same in law and equity cases.

A judgment will not be reversed on the ground that evidence was improperly admitted, if the record does not disclose any objection or exception to its admission.

APPEAL from the Circuit Court for *Racine* County.

The case is stated by the court.

*P. B. Ladd,* for appellant.

*Strong & Fuller,* for respondents.

*By the Court,* PAINE, J.   In this case a bill of exceptions   October 11.
was duly settled by the judge, both parties appearing.   Af-
terwards the appellant's counsel persuaded him to sign
another, which he did however at the appellant's risk, stating
that he was not aware of any practice or law authorizing such
a proceeding.   A motion was made here to dismiss the ap-
peal, upon affidavits showing that no notice was given of the
settlement of the second bill, and upon the ground that the
printed case included both bills of exceptions so mingled to-
gether that it was difficult if not impossible to separate them.
But after the explanations of the counsel, we became satisfi-
ed that the first bill could be separated from the other, and
denied the motion to dismiss the appeal, holding however,
at the same time, that we could only consider the first bill of
exceptions.   The case was then submitted upon that.

We could not reverse the finding of facts by the court be-
low, even though the evidence brought up did not sustain
it ; for it appears that a large part of the evidence is not con-
tained in the bill of exceptions.   The presumption would be
that the evidence omitted was such as to support the find-
ing.   The rule is the same now in law and equity cases up-
on this point, though before the Code it was different.

It is claimed that the court erred in admitting the deposi-
tions offered by the plaintiff ; but the record does not dis-
close any objection or exception to their admission.

A large part of the argument of the appellant's counsel is
based upon the supplemental bill of exceptions, which we
cannot consider.   We can see no error presented by the
first.

The judgment is affirmed, with costs.