SHORTLE, Respondent, vs. SHEILL, Appellant.

*June 1—June 23, 1920.*

*Automobiles: Collision with truck: Law of the road: Contributory negligence: Leaving usual course of travel: Appeal: Bill of exceptions: Supplemental certificate of trial judge: Effect.*

1. Where a bill of exceptions was transmitted to the supreme court with a certificate that it contained all of the evidence given on the trial, and the trial judge filed with the clerk of the circuit court a paper in the form of a certificate, stating that the bill of exceptions did not contain certain exhibits and the ruling of the court on one of the issues in the case, and the latter certificate, with attached exhibits, was transmitted to the supreme court as a supplemental return, the second certificate and the exhibits attached did not become any part of the record in the case.

2. Where it plainly appears from the record that the trial court determined that defendant was negligent as a matter of law, failure to include in the special verdict a question as to his negligence was not prejudicial.

3. Whether deceased was guilty of contributory negligence in driving a truck, during a period of heavy traffic, to the left of a monument in the center of intersecting streets, whereas vehicles going in the same direction as deceased ordinarily went to the right of the monument, is for the jury; and a finding that he was guilty of negligence contributing to his injury is sustained.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Action to recover damages for the death of plaintiff's husband caused by defendant's negligence. Grand avenue is one of the principal streets in the city of Milwaukee and runs east and west. Between Eighth and Eleventh streets on said Grand avenue is the so-called Court of Honor, consisting of a wide strip of raised ground through the center of the street, which is maintained as a lawn and covered with floral decorations. The east-bound traffic, including east-bound street cars, goes south of this strip; the west-bound traffic, including west-bound street cars, goes north thereof. This Court of Honor is not continuous from Eighth to Eleventh streets, but is intersected by the cross streets. In the center of the area designated by the intersection of Tenth street and Grand avenue is a massive stone structure, a monument to the Civil War veterans. The south-bound traffic on Tenth street goes west of this monument, the north-bound traffic east of it.

About 6 o'clock p. m. of the 16th day of November, 1916, the defendant *Robert Sheill* was driving his automobile west on Grand avenue on that portion thereof lying north of the Court of Honor and north of the monument referred to. Plaintiff's husband was driving a one-horse truck north on Tenth street, sitting on a high seat at the front end of the truck. Defendant's automobile collided with the rear wheel of the truck, throwing plaintiff's husband from his position on the truck and causing the injuries from which death shortly resulted.

The following special verdict was returned by the jury: (1) That the deceased, Edward Shortle, in crossing Grand avenue at Tenth street, passed west of the monument; (2) that the deceased, Edward Shortle, was guilty of a want of ordinary care which proximately contributed to produce his injury; and (3) damages, $7,000.

Upon motion made after verdict the court changed the answer of the jury to the second question from "Yes" to

"No" and ordered judgment in favor of plaintiff and against the defendant for the sum of $7,000, with costs. From the judgment so entered the defendant appealed.

*Raymond J. Cannon* of Milwaukee, for the appellant.

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish,* of counsel, all of Milwaukee, and oral argument by *I. A. Fish.*

Owen, J.    A question is raised as to whether we have before us a bill of exceptions certified to contain all of the evidence.    Such a certificate was absent from the bill of exceptions first transmitted to this court.    After the receipt of the record here, the bill of exceptions was transmitted to the circuit court for correction.    Under date of May 15, 1920, a new certificate was attached thereto, by which it was certified that the bill of exceptions contains all of the evidence given on the trial of said action.    The record was again returned to this court and filed on the 21st day of May, 1920.    On May 27, 1920, the trial judge filed with the clerk of the circuit court a paper in the form of a certificate, wherein it is stated that the bill of exceptions signed by him on May 15th did not contain two certain exhibits offered upon the trial of said action, and did not contain the decision of the court that the negligence of the defendant which proximately contributed to the injury appeared by the undisputed evidence.    The missing exhibits mentioned are attached to the certificate.    This certificate, with attached exhibits, was transmitted to this court as a supplemental return and filed on the 29th day of May, 1920.    These latter documents did not become any part of the record in the case and cannot be considered.    *Demier v. Durand,* 15 Wis. 580. But even if they could be received as impeaching the integrity of the former bill of exceptions, the certificate itself points out the defects in the bill of exceptions, which appear to be of very little significance.    The exhibits mentioned

consist of a plat and photograph of the vicinity of the accident, which was fully described by witnesses who testified. Furthermore, the ruling of the court upon the question of defendant's negligence appears plainly from the bill of exceptions as certified. We think, therefore, we have before us a properly certified bill of exceptions.

It will be noted that the special verdict, as set forth in the statement of facts, contains no finding upon the question of defendant's negligence. It is strenuously urged by appellant that because of this omission the special verdict does not constitute a sufficient basis for the judgment. It appears from the record, however, that this question was not submitted to the jury because the court held as a matter of law that the defendant was guilty of negligence which proximately contributed to the accident. It would have been much better practice if the question had been included in the special verdict and answered by the court if the court considered that the question was not one for the jury under the facts and circumstances of the case. A cleaner and better record would result from this practice and would leave no room for the thought that the question of the defendant's negligence had not been the subject of judicial determination. In view of the fact, however, that it plainly appears from the record that the question was determined by the court as a matter of law, for which reason it was not submitted to the jury, it does not constitute basis for prejudicial error.

Passing the question of whether the court was warranted in thus disposing of the issue of defendant's negligence, we think there was no justification for changing the answer to question 2 of the special verdict from "Yes" to "No." We think that the jury's answer to the question, by which it found that plaintiff's deceased husband was guilty of negligence which proximately contributed to the accident, is supported by the evidence, and this independent of the question

Shortle v. Sheill, 172 Wis. 53.

of whether he violated any statute law or ordinance in driving west of the monument as he proceeded north on Tenth street.

It appears that traffic going north customarily went east of the monument, and that one driving west on Grand avenue would not ordinarily anticipate that a vehicle would be going north on Tenth street to the west of the monument. The evidence further shows that the traffic on Grand avenue and Tenth street was usually heavy during the time of day at which the accident occurred. According to the testimony of witnesses the deceased drove west of the monument across this busy thoroughfare at a brisk pace, looking neither to the right nor to the left, but straight ahead. This circumstance justifies the inference that he had renounced responsibility for his own safety and placed the burden thereof upon those who were using the street concurrently with him. It may be conceded that even had he looked and seen the defendant coming towards him he could not have avoided the collision. He would, however, have been apprised thereof and saved himself from falling from his elevated position. Whether his conduct amounted to such care and prudence as the great mass of mankind usually exercise in the same or similar circumstances is a question upon which reasonable minds might arrive at different conclusions, and was eminently a question for the jury. There is no yard-stick by which it may be determined whether any given action amounts to ordinary care. The decision must of necessity be a matter of human judgment. This is signally true in automobile accident cases. Whether the conduct of one charged with responsibility for an automobile accident amounts to negligence is in the vast majority of cases a question calling for the exercise of human judgment and one upon which men are very likely to differ. In these days, when automobiles are in well-nigh universal use, who is better qualified to pass final judgment upon such matter

than a jury, who can apply to the facts of the case a collective and varied experience? The daring, the reckless, the moderate, the careful, and the timid driver as well as the pedestrian, and he who still clings to Old Dobbin, all find their way to the jury box, and the decision of the jury upon these questions reflects a judgment founded upon varied views, sympathies, and experiences which a court can disregard only when palpably unsupported by evidence or inconsistent with law. A court should be reluctant to brush aside the verdict of a jury rendered upon such a question for no other reason than that such views do not coincide with the views entertained by the presiding judge. In the instant case the jury considered the attitude and conduct of the deceased as it appeared in evidence, and, uninfluenced by any improper considerations so far as we are able to determine, reached the conclusion that he failed to exercise that degree of care for his own safety which would have been exercised by men of ordinary care and prudence under the same or similar circumstances and that such failure proximately contributed to the accident. That the verdict is erroneous is by no means subject to demonstration. To set it aside merely illustrates the fact that human judgments differ. It is not inconsistent with law, reflects the solemn judgment of the jury upon the conduct of the deceased as disclosed by the evidence, and it must stand.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.