SCHUMANN, Plaintiff in error, vs. THE STATE, Defendant
in error.

*September 17—October 12, 1926.*

*Criminal law: Erroneous statement of law by district attorney:
Harmless error.*

1. An alleged misstatement of law by the district attorney in his
   argument to the jury in reply to the argument of defendant's
   counsel implying that had the state been permitted it could
   have proven prior convictions of defendant, is not ground
   for reversal where the evidence was sufficient to sustain a
   conviction. p. 192.
2. An error is not prejudicial unless in the judgment of the court
   a different result might probably have been reached but for
   the error. p. 192.

ERROR to review a judgment of the municipal court of
Langlade county: A. N. WHITING, Judge. *Affirmed.*

The cause was submitted for the plaintiff in error on the
briefs of *Vernon J. McHale* of Antigo, and for the defend-
ant in error on that of the *Attorney General, J. E. Messer-
schmidt,* assistant attorney general, and *Earl J. Plantz,*
district attorney of Langlade county.

VINJE, C. J.   Defendant was convicted of operating an
automobile on the highways of the state without the consent
of the owner. No former conviction of any offense was
pleaded and the defendant did not testify. Defendant's
attorney, in arguing to the jury, said that "So far as this
record shows, his" (defendant's) "record is clear." In
reply the district attorney said to the jury, "Counsel has
made the statement that *Schumann* has a clear record; that
nothing has been introduced by the State against him.
It is a rule of law that the State cannot introduce any evi-
dence of a prior conviction unless the defendant takes the
stand and testifies." The defendant's objection to the state-
ment was overruled by the court. It is claimed that the

Schumann v. State, 191 Wis. 191.

statement of the district attorney was so prejudicial that a new trial should be granted. Defendant concedes that the court instructed the jury fully and fairly that they should indulge in no presumption against him because of his failure to testify, and that it was not error for the district attorney to allude to his not taking the stand, but that the erroneous statement of the law by the district attorney implied that had the State been permitted it could have proven prior convictions. In one sense the district attorney was technically right in saying, as the record stood, that the State could not prove prior convictions unless the defendant testified—the State having failed to allege prior convictions in the complaint; but we attach no importance to this technical justification and prefer to dispose of the case on the assumption that there was a misstatement of the rule of law. Whether or not there was, we do not decide. It is not argued or claimed that the evidence was not sufficient to sustain a conviction. The bare technical ground of a misstatement of a rule of law is relied upon. We deem it would be an abuse of judicial discretion to set aside the verdict on that account. It is not reasonable to suppose that the jury would have acquitted but for the implication contained in the district attorney's argument. It is much more reasonable to suppose that they convicted the defendant upon the testimony of the case, which we find from the record to be quite sufficient to sustain a conviction. An error is not prejudicial unless in the judgment of the court a different result might probably have been reached but for the error. We cannot say so in this case.

*By the Court.*—Judgment affirmed.