DONNY, Appellant, vs. CHAIN OF LAKES CHEESE COMPANY and others, Respondents.

*November 16—December 15, 1948.*

86

*L. A. Koenig,* attorney, and *Fitzgibbons & Elmer* of counsel, all of Monroe, for the appellant.

*Boyle & Boyle of* Darlington, and *San W. Orr* of Madison, for the respondents.

ROSENBERRY, C. J.   It will be noted that the only one of the plaintiffs who appealed or attempted to appeal from the judgment was Melchior Donny.   Although the notice of appeal is signed by Attorney Koenig as attorney for all the plaintiffs, Donny's coplaintiffs did not join in the appeal, and the question is: Was it necessary for the notice of appeal to be served upon the plaintiffs William Yardley, W. A. Yardley, and Harry L. Rickard?

It is the contention of counsel for the appellant Donny that because he represented the other plaintiffs on the trial and signed the notice of appeal that service upon the other plaintiffs was not necessary.   It is considered that this contention cannot be sustained.   Appellant Donny argues that all plaintiffs had notice of appeal and all plaintiffs joined in the notice of appeal. Citing 3 Am. Jur., Appeal and Error, p. 171, sec. 479, where it was stated that "when the same attorney represented several codefendants, and one of them appeals, notice of the appeal by the attorney is considered notice to the other defendants, and further notice of appeal need not be served on them."

This statement is based upon *Weeter Lumber Co. v. Fales,* 20 Idaho, 255, 118 Pac. 289.   Judge SULLIVAN, the writer of the opinion, dissented in that case.   He said (p. 259) :

"The attorney for the appellant could not represent the appellant and the nonappealing defendants on the appeal, for the very reason that he would have to contend for a reversal of the judgment on the appeal for the appellant and for an affirmance of it on behalf of the nonappealing defendants.   The nonappealing defendants had a right to be served with the notice of appeal, and without such service this court has no jurisdiction."

No reason is given for the other conclusion. We concur in the views of Judge SULLIVAN.

Appeal in this state, as in most states, is a matter of statute. If the statute gives no right of appeal there is none. If a party desires to avail himself of that right he must pursue the method prescribed by statute. This is elementary law. Sec. 274.11 (1), Stats., provides:

" . . . On appeals from a judgment the appellant shall also serve the notice of appeal upon all parties bound with him by the judgment who have appeared in the action."

It is conceded that the other plaintiffs are bound with the plaintiff Donny by the judgment, and from the record it appears that they appeared in the action. This matter was fully considered in *Stevens v. Jacobs* (1937), 226 Wis. 198, 275 N. W. 555, 276 N. W. 638.

After the plaintiff Donny took the appeal in which his co-plaintiffs did not join, their interests upon the record were adverse. So far as the record discloses the plaintiffs, other than Donny, were satisfied with the judgment and did not wish to appeal. Nevertheless they had a right of appeal and under the plain language of the statute it was necessary for the appellant Donny to serve the notice of appeal on his coplaintiffs who were bound with him by the judgment in order to give this court jurisdiction.

It may be thought that this is highly technical. It appears so in this case but if the court relaxes the statute in one case it becomes a precedent and requirements for service of notice of appeal are in part fixed by the court and not by statute. In the matter of appeals this court has followed the practice of adhering closely to the statutory provisions and must do so in this case.

*By the Court.*—Motion to dismiss the appeal of the plaintiff Donny is granted and the appeal dismissed.