On September 11, 1947, plaintiff brought action against the defendant Insurance Company and its assured, Ruplinger, to recover damages for injuries he sustained when struck by Ruplinger's automobile. Trial was had to a jury which found plaintiff eighty per cent and Ruplinger twenty per cent causally negligent. Judgment dismissing the complaint on the merits and awarding costs to the two defendants was entered upon the verdict March 7, 1949, and notice thereof was *Page 387 
served on plaintiff's attorney March 11, 1949. On August 31, 1949, long after the expiration of the ninety days limited by sec. 270.47, Stats., for preparing and serving a bill of exceptions, plaintiff applied to the trial court for an extension of such time. This the court denied on September 1, 1949. On that day plaintiff served notice of an appeal from the judgment with an undertaking for the payment of appeal costs and damages pursuant to statute. (Sec. 274.11 (3).) On September 15, 1949, plaintiff served notice of an appeal from the order of September 1st refusing the extension. There is no costs undertaking on this appeal nor has such undertaking been waived. The clerk of the circuit court made one return embracing both appeals, and the briefs and oral arguments presented them together.
It is obvious that the plaintiff has made two separate appeals and that the single undertaking in form and intent is security for costs only as to the appeal from the judgment. Therefore, the appeal from the order has not been perfected as required by sec. 274.11 (3), Stats., and it must be dismissed. See Goerlinger v. Juetten (1941),237 Wis. 543, 297 N.W. 361.
The appeal from the judgment confines us to the record as brought to us without a bill of exceptions. It consists of the pleadings, plaintiff's requests for instructions to the jury, the charge to the jury, the special verdict, the judgment, and the motions after judgment.
The questions posed by the special verdict are within the issues raised by the pleadings and the judgment is in accord with the answers of the jury to those questions. Whether the charge to the jury was adequate and whether the special verdict is sustained by the evidence cannot be determined unless we know what the evidence was. For lack of a bill of exceptions we do not know. It is impossible for us, therefore, *Page 388 
to discover error and in the absence of error the judgment must be affirmed.
Respondent says the appeals are frivolous and has asked for double costs as allowed by sec. 251.23 (3), Stats. The matter of costs is discretionary and we have determined to allow them as normally taxed under sec. 251.23 (1). Because the costs undertaking is not concerned with the appeal from the order, the clerk will apportion one tenth of the joint costs to the appeal from the order and nine tenths to the appeal from the judgment.
By the Court. — Judgment and order affirmed.