HARVEY, Appellant, vs. HARTWIG, Respondent.

*September 9—October 6, 1953.*

640

For the appellant there was a brief and oral argument by *Louis R. Potter* of Milwaukee.

For the respondent there was a brief and oral argument by *Bernard C. Westfahl* of Milwaukee.

BROWN, J.   No bill of exceptions was settled and the appeal from the judgment is before us on the pleadings, charge to the jury, verdict, and judgment. The pleadings frame the issue which the court sent to the jury and which the jury answered. The judgment is in accord with the verdict. For lack of a bill of exceptions, this court cannot go further into plaintiff's claims of error. *Davis v. Davis* (1951), 259 Wis. 1, 2, 47 N. W. (2d) 338, and authorities there cited. *Berkemeyer v. Milwaukee Automobile Ins. Co.* (1950), 256 Wis. 386, 387, 41 N. W. (2d) 303. The charge to the jury is correct as abstract law; whether it was a sufficient charge under

the circumstances of this case depends on the evidence adduced at the trial, concerning which we have no information.

We are likewise without power to consider plaintiff's affidavits supporting his motion for a new trial. We cannot tell whether the trial court erred in denying the motion unless we know what evidence was already before the court. The record made on the trial must determine all questions of fact and such record is not before us, nor can its place be filled by the numerous affidavits which plaintiff has filed to support his argument here on factual matters.

We may not reverse a trial court unless the record of its proceedings shows that error was committed. Since the appellant has not brought us a record showing error we must affirm.

*By the Court.*—Judgment affirmed. Order denying motion for new trial affirmed.