RUCINSKI (Veronica), Plaintiff and Respondent, vs. KUEHL, Defendant: MINNESOTA FARMERS MUTUAL CASUALTY COMPANY, Defendant and Appellant: RUCINSKI (Joseph) and another, Defendants and Respondents.

*December 6, 1954—January 11, 1955.*

For the appellant there was a brief by *Graves & Chambers* of Wisconsin Rapids, and oral argument by *R. B. Graves.*

For the respondents Hartford Accident & Indemnity Insurance Company and Joseph Rucinski there was a brief and oral argument by *M. S. King* of Wisconsin Rapids.

For the respondent Veronica Rucinski there was oral argument by *Richard S. Brazeau* of Wisconsin Rapids.

MARTIN, J.  Appellant served no notice of appeal upon Kuehl. Plaintiff and defendants Hartford Accident & Indemnity Insurance Company and Joseph Rucinski move this court for dismissal of the appeal on the ground of noncompliance with sec. 274.11 (1), Stats., which provides for appeals to the supreme court as follows:

"An appeal is taken by serving a notice of appeal signed by the appellant or his attorney on each party adverse to him upon the appeal who appeared in the action or proceeding, and on the clerk of the court in which the judgment or order appealed from is entered, stating whether the appeal is from the whole or from a part thereof, and if from a part only, specifying the part appealed from.  On appeals from a judgment the appellant shall serve the notice of appeal upon all parties bound by the judgment who have appeared in the action."

Appellant contends that Arnold Kuehl, being its insured, is not an adverse party and that the statute was fully complied with by service on Hartford Accident & Indemnity Insurance Company and Joseph Rucinski. We cannot agree.

The statute provides that "On appeals from a judgment the appellant. shall serve the notice of appeal upon all parties bound by the judgment who have appeared in the action." The language is definite and unambiguous. Kuehl appeared in the action. Kuehl was bound by the judgment.

The question presented is governed by *Donny v. Chain of Lakes Cheese Co.* (1948), 254 Wis. 85, 87, 88, 35 N. W. (2d) 333, where, in an opinion by Mr. Chief Justice ROSEN-BERRY, it is stated:

"It will be noted that the only one of the plaintiffs who appealed or attempted to appeal from the judgment was Melchior Donny. Although the notice of appeal is signed by Attorney Koenig as attorney for all the plaintiffs, Donny's coplaintiffs did not join in the appeal, and the question is: Was it necessary for the notice of appeal to be served upon the plaintiffs William Yardley, W. A. Yardley, and Harry L. Rickard? . . .

"After the plaintiff Donny took the appeal in which his coplaintiffs did not join, their interests upon the record were adverse. So far as the record discloses the plaintiffs, other than Donny, were satisfied with the judgment and did not wish to appeal. Nevertheless they had a right of appeal and under the plain language of the statute it was necessary for the appellant Donny to serve the notice of appeal on his coplaintiffs who were bound with him by the judgment in order to give this court jurisdiction."

*By the Court.*—Appeal dismissed.