Howard, Respondent, vs. Howard, Appellant.

*March 7—April 5, 1955.*

336

For the appellant there were briefs and oral argument by *Vaughn S. Conway* of Baraboo.

For the respondent there was a brief and oral argument by *John U. Dithmar,* divorce counsel of Sauk county.

GEHL, J.   We have set forth above a complete and somewhat detailed statement of everything which the record discloses has happened in the trial court since the entry of the divorce decree and prior to the date of the last-referred-to order, May 12, 1954. The defendant appeals from this order. Attached to the notice of appeal is an affidavit of the defendant which recites certain facts which do not appear of record.

On May 20, 1954, there was filed with the clerk of court an affidavit of the divorce counsel which also sets forth certain facts which do not appear of record. On May 28, 1954, the county judge made an order which purports to make the latter affidavit a part of the record.

The affidavits of defendant's counsel and the divorce counsel, made and filed after the entry of the order appealed from and not made a part of the bill of exceptions, did not become a part of the record in the case. Consequently, we may not consider them. *Finney v. Guy,* 111 Wis. 296, 87 N. W. 255; *Shortle v. Sheill,* 172 Wis. 53, 178 N. W. 304; 3 Am. Jur., Appeal and Error, p. 224, sec. 592.

It is necessary for us to consider only one of defendant's contentions: That he was denied the opportunity to show that his failure to pay was not attributable to his fault. We have quoted in full the record and the proceedings had on May 11, 1954, to demonstrate that defendant was given no such opportunity. A refusal to pay in accordance with the provisions of a divorce decree is contumacious only when it is brought about wilfully and with intent to avoid payment. Imprisonment should not be ordered when it is made to appear that the default is the result of inability to pay.

*Staples v. Staples,* 87 Wis. 592, 58 N. W. 1036; *Razall v. Razall,* 242 Wis. 121, 7 N. W. (2d) 417. The record is in such state that this essential finding could not have been made. It was not made.

If there were any doubt that it was not intended that defendant be given an opportunity to show that his default resulted from his inability to pay it is removed by the fact that in the bench warrant prepared even before he was taken into custody it is recited that defendant "is in contempt of court." The order was erroneously made.

It may very well be that defendant has been guilty of wilfully refusing to comply with the court's order. In fact, there is enough in the record to suggest that he may have been. The suggestion does not suffice, however, to permit the court to find him guilty and order his imprisonment without first granting to him the right to explain, if he can, that his failure to pay has been caused by his inability to do so.

*By the Court.*—Order reversed.