RAMMINGER and wife, Appellants, v. STATE HIGHWAY
COMMISSION, Respondent.

*December 2—December 20, 1963.*

For the appellants the cause was submitted on the briefs of *Clyde E. Sheets* of Milwaukee.

For the respondent there was a brief by *Robert P. Russell,* corporation counsel of Milwaukee county, and *James J. O'Donnell,* first assistant corporation counsel, and oral argument by *Mr. O'Donnell.*

DIETERICH, J.  The appeal is before this court without a bill of exceptions.  On May 24, 1963, almost six months after judgment had been entered and the notice of entry of judgment had been served, appellants filed a notice of appeal and moved the trial court to extend the time in which to settle the bill of exceptions.  An order to show cause was issued on

June 5, 1963, and after a hearing on the order, appellants' motion to extend the time in which to settle the bill of exceptions was denied. Notwithstanding the trial court's denial of their motion, appellants filed the transcript of testimony with the clerk of this court along with the other papers incidental to the appeal. On September 20, 1963, an order was issued by this court granting the Highway Commission's motion to strike the transcript of testimony from the record.

It is fundamental that where the bill of exceptions has not been settled, the only issue before this court is whether the judgment is in accord with the verdict. Without a bill of exceptions this court cannot go further into appellants' claims of error. *Berkemeyer v. Milwaukee Automobile Ins. Co.* (1950), 256 Wis. 386, 387, 41 N. W. (2d) 303; *Davis v. Davis* (1951), 259 Wis. 1, 2, 47 N. W. (2d) 338, and authorities there cited; *Harvey v. Hartwig* (1953), 264 Wis. 639, 640, 60 N. W. (2d) 377. This court is bound by the record, and the record is not to be enlarged by material which neither the trial court nor this court, acting within their respective jurisdictions, has ordered incorporated in it. *Howard v. Howard* (1955), 269 Wis. 334, 69 N. W. (2d) 493; *Vredenburg v. Safety Devices Corp.* (1955), 270 Wis. 36, 39, 70 N. W. (2d) 226. See also *Froedtert Grain & Malting Co. v. Peter P. Woboril, Inc.* (1953), 265 Wis. 456, 460, 61 N. W. (2d) 855, where it was stated: "We consider that we are confined to the record and must take it as we find it." Since no bill of exceptions was settled in the instant action, the cause is before this court solely on the pleadings, the charge to the jury, the verdict, and the judgment. *Harvey v. Hartwig, supra.*

As far as the pleadings are concerned, this court has stated that where there is no bill of exceptions, the findings of fact cannot be challenged by reference to allegations in the pleadings, as these may have been stricken out, amended, or otherwise dealt with during the course of the trial. *Fidelity*

*& Deposit Co. v. Madson* (1930), 202 Wis. 271, 276, 232 N. W. 525. In any event, the instant action came to the circuit court on appeal from an award of damages made by the condemnation commission, and therefore there are no pleadings as such—only a notice of appeal to the circuit court which was filed by the State Highway Commission.

Under sec. 270.22, Stats.,[2] the trial court's charge to the jury becomes a part of the record on appeal whether or not it is incorporated in a bill of exceptions. See *Klassa v. Milwaukee Gas Light Co.* (1956), 273 Wis. 176, 188, 77 N. W. (2d) 397. Our examination of the charge to the jury in the instant action reveals that the trial court instructed the jury on the following matters: Credibility of witnesses; expert testimony; matters of common knowledge; arguments of counsel; burden of proof; "fair market value;" evidence of sales of comparable property as bearing on fair market value; the lack of probative value of an offer to purchase as bearing on fair market value; and the five-sixths verdict requirement. All of these save one (lack of probative value of an offer to purchase) are identical, or substantially so, to the instructions found in Wis J I—Civil, Part I, 400, 260, 240, 110, 200A; Wis J I—Civil, Part II, 8100, 8120; and Wis J I—Civil, Part I, 180. We find no error in the trial court's charge to the jury.

The jury's answer to the single special verdict question submitted to them was that the fair market value of the property in question on May 15, 1959, was $6,500. The judgment of the circuit court was for the difference between this amount and the sum awarded by the condemnation commission. The judgment is in accord with the verdict and is therefore affirmed.

*By the Court.*—Judgment affirmed.

---

[2] Sec. 270.22. "CHARGE TO JURY FILED. As soon as any charge has been given to the jury it shall be placed and remain on file among the papers of the case. . . ."