ESTATE OF REYNOLDS: BORGRUD, Appellant, v. FIRST NATIONAL BANK OF MADISON, Executor, Respondent.

*June 1—June 30, 1964.*

---

[6] *State v. Tuttle, supra.*

For the appellant there was a brief and oral argument by *Neil Stoveken* of Bloomington.

For the respondent there was a brief by *Hall & Griffith* of Madison, and oral argument by *Laurence W. Hall.*

FAIRCHILD, J. 1. *The transcript of reporter's notes.* Respondent executor has moved to strike from the record the transcript of the reporter's notes upon the ground that

the transcript was not served and approved within the time and in the manner provided by secs. 274.115 and 274.117, Stats.[1]

Sec. 274.115, Stats., provides that service of a proposed transcript of reporter's notes, by either party, must be made within three months after service of notice of appeal.

Two purported transcripts are here. One of them was transmitted by the clerk of county court as part of the return of the record on January 16, 1964. It bears no county court filing stamp, and there is no order requiring the testimony to be transcribed and filed. There is nothing to indicate that it was ever served on respondent or approved by the county court, and respondent called attention to these deficiencies in an affidavit filed here March 4, 1964, in connection with its motion to dismiss the appeal and appellant's motion for an extension of time for service of brief. We let the appeal stand, and granted the extension upon terms. It is clear that the purported transcript is not properly part of the record.

The second purported transcript represents an effort to cure the deficiencies of the first. The material facts are as follows: The notice of appeal herein was served on respondent November 19, 1963. The transcript was served on respondent more than three months thereafter, on March 24, 1964. The county court entered no order extending the three months' time, specified by sec. 274.115, Stats. Appellant points out that the notice of appeal was not filed with the clerk of county court until December 26, 1963, and contends he had three months from that date within which to serve the proposed transcript. The time, however, is to be counted from service, and not from filing, of the notice of appeal.

Respondent served no proposed amendment to the transcript, and the trial judge approved the transcript without

[1] As amended September 1, 1963. See 17 Wis. (2d) p. xix.

notice to respondent, and the clerk of county court transmitted it here as a supplemental return. Respondent moved promptly to strike it. Sec. 274.117, Stats., permits approval by the court without notice to the other parties if no amendments have been served within the time allowed. The judge must, however, act upon proof of timely service, and we consider that the approval was a nullity where the record showed the service was not timely. No facts appear upon which any waiver by respondent could be predicated.

It follows that the transcript must be stricken, and our review will be limited to the question whether the pleadings, decision, findings, and conclusions sustain the judgment.

2. *The record supports the disallowance.* As noted in the statement of facts, the county court stated both in the memorandum decision and in the conclusions of law that there was no evidence to support a finding as to the reasonable value of the alleged services. In the absence of such evidence the county court had no choice but to disallow the claim.

Appellant appears to concede that his claim was for compensation for personal services and therefore barred by the two-year statute of limitations [2] except for the alleged 1957 agreement to pay at death. He makes no argument that under the circumstances the furnishing of board was not a personal service so that the period of limitation would be six years. [3]

The court did find that Reynolds paid Borgrud $150 in 1957 and said, "Don't worry about the rest of it, Andrew. I will leave you more than enough money to pay you what I owe you and then some." Although the statement recognizes the existence of an obligation, it does not identify it nor provide any measure of its amount. The court evidently

---

[2] Sec. 330.21 (5), Stats.
[3] See *Estate of Fredericksen* (1956), 273 Wis. 479, 480, 78 N. W. (2d) 878.

considered the statement too vague under the circumstances to create a contract and considered it no more than an indication that there would be a legacy. Consequently the court stated in the conclusions of law that the facts would not support the claim of an agreement to pay a debt upon death. It cannot be said as a matter of law that the statement made created the contract claimed and the conclusion of law also supports the disallowance of the claim.

The payment for board prior to January, 1945, as indicated in a receipt was evidence that the furnishing of such board prior to that date was not gratuitous, but the findings showed that the circumstances changed during the time covered by the claim. During part of the time Reynolds lived in Borgrud's home, but later on Borgrud, the claimant, lived in a home owned by Reynolds and his sister, who was Borgrud's wife. This change in circumstances would be a reason why the arrangements between them may not have been the same at all times.

It does not appear probable from the record that there was a miscarriage of justice, and accordingly we do not exercise our discretionary power to reverse the judgment.[4]

*By the Court.*—Judgment affirmed.

---

[4] Sec. 251.09, Stats.