KUCHINSKY, Appellant, v. EMPIRE LOUNGE, INC., Respondent.

*April 1—April 27, 1965.*

448

For the appellant there were briefs and oral argument by *S. A. Schapiro* of Milwaukee.

For the respondent there was a brief and oral argument by *Wayne E. Rowlee* of Milwaukee.

CURRIE, C. J.   In the absence of a transcript our review is limited to the question of whether the pleadings, decision, findings, and conclusions sustain the judgment. *Estate of Reynolds* (1964), 24 Wis. (2d) 370, 374, 129 N. W. (2d) 251.

Appellant plaintiff has raised no issue on this appeal with respect to the trial court's determination that no bailment existed. Thus the issue before us is whether, under the facts as found by the trial court, defendant cocktail-lounge operator, was negligent as a matter of law.

A case very much in point is *Montgomery v. Ladjing* (1899), 30 Misc. 92, 61 N. Y. Supp. 840. There the plaintiff entered the restaurant kept by the defendant with a party of friends; he removed his overcoat and hung it on a hook affixed to a post near the table at which he seated himself; the attention of neither the defendant nor of any of his employees was called to the coat in any way; and fifteen minutes later the coat was missing. The court held that the plaintiff had wholly failed to show failure on the part of the defendant to exercise ordinary care, and declared (30 Misc. at p. 96) :

"The rule to be deduced from all these cases, therefore, is: That, before a restaurant keeper will be held liable for the loss of an overcoat of a customer while such customer takes a meal or refreshments, it must appear either that the overcoat was placed in the physical custody of the keeper of the restaurant or his servants, in which case there is actual bail-

ment, or that the overcoat was necessarily laid aside under circumstances showing at least notice of the fact and of such necessity to the keeper of the restaurant or his servants, in which case there is an implied bailment or constructive custody, or that the loss occurred by reason of the insufficiency of the general supervision exercised by the keeper of the restaurant for the protection of the property of customers temporarily laid aside."

In *National Fire Ins. Co. v. Commodore Hotel* (1961), 259 Minn. 349, 107 N. W. (2d) 708, the plaintiff was a guest at a luncheon held at the defendant's hotel. She hung her mink jacket in an unattended cloakroom on the main floor across from the lobby desk. After the luncheon and ensuing card party the plaintiff went to the cloakroom to retrieve her jacket and discovered it was gone. The court held that no negligence had been established against the defendant and stated (259 Minn. at pp. 353, 354) :

". . . In any event, we do not feel that it is incumbent upon a hotel or restaurant owner to keep an attendant in charge of a free cloakroom for luncheon or dinner guests or otherwise face liability for loss of articles placed therein. The maintenance of such rooms without attendants is a common practice, and where the proprietor has not accepted control and custody of articles placed therein, no duty rests upon him to exercise any special degree of care with respect thereto.

"Likewise, failure to post a warning disclaiming responsibility would not seem to constitute negligence when, as here, a guest is aware that a cloakroom is unattended, adjacent to the lobby, and accessible to anyone, and has used it under similar circumstances on many prior occasions. The absence of such warning signs does not appear to have been material in a number of decisions absolving proprietors from liability, although when posted they appear to be regarded as an added factor in establishing such nonliability."

See also annotation, "Liability for loss of hat, coat or other property deposited by customer in place of business," 1 A. L. R. (2d) 802.

Under the foregoing authorities we conclude not only do the findings of fact and conclusions of law support the judgment, but also that these findings would not support a judgment in favor of plaintiff.

Defendant has requested the imposition of double costs against plaintiff because of alleged flagrant violation of our rules. The most serious of these rule infractions was plaintiff's failure to print in its appendix the trial court's memorandum decision, findings of fact, conclusions of law, and judgment. If it were not for the fact that plaintiff's counsel has been less than a year in practice and this is his first supreme court appeal we would grant the request for double costs. It is incumbent even upon the neophyte lawyer to familiarize himself with the rules of practice of this court set forth in ch. 251, Stats., before drafting his brief and appendix.

*By the Court.*—Judgment affirmed.