SCHIMKE, Respondent, v. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION and another, Appellants.

*February 27—April 11, 1967.*

---

[3] (1965), 27 Wis. (2d) 637, 135 N. W. (2d) 254.
[4] *Nelson v. Boulay Brothers Co., supra,* footnote 3, at page 644.

For the appellants there was a brief by *Kivett & Kasdorf*, attorneys, and *John J. Romann* of counsel, all of Milwaukee, and oral argument by *Mr. Romann*.

For the respondent there was a brief and oral argument by *Irving W. Zirbel* of Milwaukee.

BEILFUSS, J.  The sole issue is whether the trial court abused its discretion in refusing to order a new trial in the interests of justice because of the physical condition of the jurors.

While it is true as the defendants contend, "[a] juror should, of course, be free from such physical infirmities and mental defects as will interfere with or preclude the proper discharge of his duties" [2] from the record before us, it cannot be said with any degree of certainty that illness affected the deliberations of any of the jurors.

The trial judge in the memorandum opinion on motions after verdict stated:

"The illness occurred after a verdict had been reached. I see nothing, and have no evidence, nor have I even a suspicion that the illness in any way befell any of these jurors prior to arriving at a verdict, or affected their verdict in any way. Therefore, I feel that the verdict in no way reflects any incapacity on the part of the jurors, either individually or collectively. There are no dissents to the verdict. Two of the sick jurors were in attendance at the time that the verdict was received, and capable of discussing matters with the Court. The interests of justice, in the Court's opinion, require no concern with that matter in respect to this verdict."

The record before this court contains no transcript of the proceedings, nor any indication that any notes, minutes or record of any kind were taken concerning the facts involving the sick jurors. There is, therefore, no basis upon which this court can review the ruling of the trial court. The rule is well established that the review of the supreme court is limited to the record; we are powerless to review a question of fact which is based upon testimony or other acceptable information not preserved on appeal. *Stelloh v. Liban* (1963), 21 Wis. (2d)

[2] 31 Am. Jur., Jury, p. 145, sec. 166.

119, 122, 124 N. W. (2d) 101; *Gray v. Wisconsin Telephone Co.* (1966), 30 Wis. (2d) 237, 242, 243, 140 N. W. (2d) 203.

Since we have no basis for review other than the trial court's memorandum, we cannot say the trial court abused its discretion in not granting the motion for a new trial in the interests of justice.

Even if this court were to assume that one or more of the jurors were ill during deliberations, only conjecture can serve to determine the effect, if any, and the direction, if any, of that effect upon the verdict. The record does not reveal any attempt by the defendants to poll the jury, nor a motion for mistrial,[3] nor any permissible post examination of any of the jurors to determine the character of illness nor its effect on any of the jurors. There just is no reliable basis in the record upon which the validity of this verdict can be attacked.

The cases cited by the defendants, in the main, involve outside influences which could have or did exert a partisan influence upon the jury before or during their deliberations. There is not even a suggestion of partisan influence in the record before us.

*By the Court.*—Judgment affirmed.

HANSEN, J., took no part.

[3] *Kink v. Combs* (1965), 28 Wis. (2d) 65, 78, 135 N. W. (2d) 789; *Ford Motor Credit Co. v. Amodt* (1966), 29 Wis. (2d) 441, 447, 139 N. W. (2d) 6.