CITY OF MEQUON, Appellant, v. BRUSETH, Respondent.*

*No. 311. Argued June 4, 1970.—Decided July 1, 1970.*
(Also reported in 177 N. W. 2d 852.)

---

* Motion for rehearing denied, with costs, on September 1, 1970.

792

For the appellant there were briefs by *Prieve, Gerlack & Meyer* of Milwaukee, and oral argument by *Richard C. Kelly* of Milwaukee, assistant city attorney of Mequon.

WILKIE, J. One issue is dispositive of this appeal. Should the trial court have granted the city of Mequon's motion to dismiss Bruseth's circuit court appeal for failure to file a transcript of the reporter's notes within the forty days permitted by statute?

Appeal from a judgment of guilt in a drunken-driving case, like appeals in all cases, is governed entirely by the applicable statutes. In order for there to be a right of appeal some statute must grant it and a party seeking to appeal must follow the method prescribed in the governing statute.[1] In the instant case the governing statute is sec. 299.30 (3), which provides, in part:

"(3) . . . Within 20 days . . . after the date of mailing of notice of entry of judgment, . . . any appeal . . . may be taken to the circuit court by any party to an action or proceeding from any final judgment by filing a notice of appeal. . . . Within 40 days after notice of appeal is filed the appellant shall file with the clerk of court either a transcript of the reporter's notes of the trial or an agreed statement on appeal, or a statement that his appeal can be supported by the case file without the transcript. The appellant shall pay the costs of preparing the transcript."

In addition, sub. (5) of this statute provides:

"(5) CIRCUIT COURT POWER ON APPEAL. On appeal, the circuit court has power similar to that of the supreme court under ch. 274 to review and to affirm, reverse, or modify the judgment appealed from, and in addition the circuit court may order a new trial in whole or in part, which shall be in the circuit court."

---

[1] See: *Milwaukee County v. Caldwell* (1966), 31 Wis. 2d 286, 143 N. W. 2d 41; *see generally: Donny v. Chain of Lakes Cheese Co.* (1948), 254 Wis. 85, 35 N. W. 2d 333.

Here a notice of appeal was filed two days after entry of the judgment finding the defendant guilty of drunken driving. Bruseth's attorney filed an affidavit at that time wherein he alleged that the appeal was taken in good faith and not for the purposes of delay.

However, after the notice of appeal was filed, nothing else transpired for over four years. The city of Mequon finally moved to dismiss the appeal for failure to file a transcript within the forty-day period prescribed by sec. 299.30 (3), Stats. The city then stipulated to a further extension in the time for filing the transcript.

Bruseth attempts to excuse and blame the failure to file a transcript on the loss by the court reporter of her notes as a result of the two moves made by the county court. However, it is noted that these moves did not occur until 1967, so that while they may explain the ultimate failure to file the transcript, the moves cannot be used to excuse the original failure to file the transcript for almost three years. No allegation is made that the reporter lost her notes immediately after the defendant was found guilty. No excuse is alleged for failure to file the transcript before the moves were made.

The real difficulty presented by this case in the posture in which it arises is whether a motion to dismiss is the proper motion to be made when there is a total failure to file a transcript. We conclude that a motion to dismiss for failure to file a transcript is not a proper motion.

In the analogous situation where a defective transcript is filed in an appeal to this court, the proper motion to be made is a motion to strike the transcript. The absence of a transcript does not require a dismissal of the appeal inasmuch as certain issues may still be passed upon by the reviewing court.[2] Of course, in such situations the

[2] See: *Estate of Reynolds* (1964), 24 Wis. 2d 370, 129 N. W. 2d 251; *Ramminger v. State Highway Comm.* (1963), 22 Wis. 2d 194, 125 N. W. 2d 406.

reviewing court is powerless to review a question of fact which is based upon testimony or other information usually contained in a transcript and the question becomes whether the judgment is supported by the pleadings, findings or verdict.[3] In the instant situation as in an appeal to the supreme court, the absence of a transcript does not provide the basis for a motion to dismiss. Rather, the penalty for a failure to file a transcript within the time period is a motion to strike the transcript when and if it is filed and thereby limit the review by the appellate court. Thus, the city by its motion sought the wrong relief.

The cases cited by the city as authority for the proposition that the appeal should be dismissed for the failure to meet the time requirement can all be distinguished from the instant case. In both *Bublitz v. Matulis* [4] and *Donny v. Chain of Lakes Cheese Co.*[5] there was a defect in the very first step needed to initiate the appeal—the notice of appeal. A proper notice of appeal must be served and filed within the required time in order for an appeal to be taken.

Here there is no defect in the notice of appeal. The appeal here was properly taken unlike the appeal in *Milwaukee County v. Caldwell,*[6] where the defendant attempted to appeal his traffic ordinance violation conviction to this court rather than to the circuit court. The problem in the instant case is not of this type but rather is a problem caused by a delay after an appeal has been properly taken.

[3] *See: Schimke v. Milwaukee & Suburban Transport Corp.* (1967), 34 Wis. 2d 317, 149 N. W. 2d 659; *Stelloh v. Liban* (1963), 21 Wis. 2d 119, 124 N. W. 2d 101; *Klassa v. Milwaukee Gas Light Co.* (1956), 273 Wis. 176, 77 N. W. 2d 397.

[4] (1967), 34 Wis. 2d 23, 148 N. W. 2d 64.

[5] *Supra,* footnote 1.

[6] *Supra,* footnote 1.

Sec. 299.30 (6), Stats., provides:

"MOTIONS IN APPELLATE COURT. At any time after the filing in the circuit court of the return on an appeal, any party to the action or proceeding, upon notice under s. 269.31, may move that the judgment appealed from be affirmed, or modified and affirmed as modified, or that the appeal be dismissed, or may move for a new trial or a reversal. This motion shall state concisely the grounds upon which it is made and shall be heard on the record."

The city could not have used this section as the authority for its motion to dismiss because this section can be used only after the return on appeal is filed and the return on appeal must be filed within ten days after the transcript is filed.[7] Here this section does not really meet the situation where a transcript has not been filed.

In the instant case the circuit court ordered that defendant be given an option to have a new trial. Was there an abuse of discretion on the part of the circuit court in entering this order? Undoubtedly, sec. 299.30 (5), Stats., grants the circuit court this power to grant a new trial. Here, the trial court did this even though Bruseth failed to prosecute his appeal for over four years. However, the city did nothing during this time to bring the matter to some sort of conclusion. Moreover, the city stipulated in 1968 to an extension of time within which the defendant could file his transcript. This indicates that even as late as 1968 the city did not feel that it was prejudiced by the delay and that had the transcript then been filed, the appeal would have progressed.

Fears that one convicted of drunken driving could avoid or at least indefinitely postpone the revocation of his driver's license by the mere expedient of filing a notice of appeal are unfounded. It is unlikely that many situations would arise wherein a defendant-appellant

---

[7] Sec. 299.30 (4), Stats.

would fail to prosecute an appeal at least to the point of having the transcript and return of the record filed. Once this point is reached, any further delay could be remedied by the city bringing a proper motion to dismiss pursuant to sec. 299.30 (6), Stats. If such a situation were to arise again, it is unlikely the city would stipulate to an extension of time.

An additional reason exists for affirming the circuit court's new trial order here. The defendant still must stand trial on the drunken-driving charge. Although the length of the delay may aid his cause through the unavailability of witnesses, the city voluntarily agreed to much of the delay. We conclude that the circuit court, under all the circumstances, did not abuse its discretion in entering its new trial order.

*By the Court.*—Order affirmed.

ROBERT W. HANSEN, J. (*dissenting*). Back in the year 1964, the defendant was found guilty of operating a motor vehicle while under the influence of intoxicating beverages. A notice of appeal to the circuit court was promptly filed, and, since then, the appeal has been allowed to slumber, unperfected, unprocessed and undisturbed. The Rip Van Winkle sleep came to light when the county auditor wondered about the $200 appearance money posted by the defendant with the county and left there, forgotten along with the appeal. The present city attorney of Mequon moved for dismissal of the appeal for failure to file a transcript as required by sec. 299.30 (3), Stats. Instead the circuit court ordered a new trial.

The majority holds that the circuit court could dismiss the appeal, perhaps under sec. 299.30 (6), Stats., certainly under sec. 269.25 (dismissal for delay). However, dismissal for failure to file a transcript, the majority holds, could not be ordered because, "The absence of a transcript does not require a dismissal of the appeal inasmuch as certain issues may still be passed upon by the

reviewing court." This establishes an analogy with appeals to this court, where if an appellant fails to procure a transcript, it has been held that all that may be considered is whether the judgment is supported by the pleadings, findings or verdict. *See: Stelloh v. Liban* (1963), 21 Wis. 2d 119, 124 N. W. 2d 101; *Schimke v. Milwaukee & Suburban Transport Corp.* (1967), 34 Wis. 2d 317, 149 N. W. 2d 659; *Fond du Lac v. Hernandez* (1969), 42 Wis. 2d 473, 167 N. W. 2d 408. The approach to the city's motion to dismiss stresses its form, not its substance. The city's motion to dismiss essentially was a motion to dismiss for defendant's delay in perfecting, processing and proceeding with his appeal under sec. 269.25, Stats. However, if the reasoning of the majority is accepted, it follows that the trial court clearly should have proceeded to hear the appeal on pleadings, findings and judgment, exactly as this court would feel obliged to do on an appeal brought here without a transcript.

The majority correctly brushes aside the attempt of the defendant to place the blame for failure to provide a transcript upon the court reporter's shoulders, noting that the loss of notes involved in a moving of courthouse records did not occur until 1967 and ". . . cannot be used to excuse the original failure to file the transcript for almost three years." I agree. Further, I would hold that granting the defendant a new trial where the absence of a transcript was due to his inaction constitutes an abuse of discretion. Granting a new trial goes beyond avoiding a penalty for a failure to perfect an appeal. It puts a premium upon defendant's amnesiac inaction in perfecting and proceeding with his appeal. The majority states that the defendant is not yet home free. Unless the witnesses to his condition when he was driving the auto back in 1964 have better memories than almost everyone else connected with this case, he is at least rounding third base.

Counsel for the defendant, on oral argument, stated that "Nobody got hurt," by the defendant's avoiding payment of the fine and suspension of his driver's license for six years. That depends upon who is considered to be involved and affected by what happened here. The defendant only? The defendant and the city as prosecutor? No, every citizen concerned with highway safety and traffic law enforcement has reason to find much wrong with a convicted defendant delaying and nearly enough escaping fine and penalty by filing an appeal and allowing it to lapse into the limbo of the forgotten. The public, as well as the parties to the action, have a stake in the fair and equal treatment of defendants in traffic and criminal courts—including their compliance with statutory requirements for the timely perfecting of appeals of convictions.

So the writer would hold granting a new trial here to be an abuse of discretion, reverse and remand for dismissal of the appeal under sec. 269.25, Stats., or for a determination of issues raised on the appeal to the circuit court on the basis of the pleadings, findings and county court judgment.

I am authorized to state that Mr. Justice CONNCR T. HANSEN joins in this dissent.