PETERSON, Plaintiff in error, v. STATE, Defendant in error.

*No. 75-253-CR. Argued June 2, 1976.—Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 491.)

418

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Richard M. Sals,* assistant state public defender, and oral argument by *Mr. Sals.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *James H. McDermott,* assistant attorney general.

ROBERT W. HANSEN, J. This case requires setting forth the respective responsibilities of trial counsel and the trial court in establishing an adequate transcript of the proceedings at the time of trial.

Those responsibilities, and the procedure to be followed, are set forth for this state in sec. 274.117, Stats. That statute provides:

"274.117 **Approval of transcript.** Any party may procure a transcript of the reporter's notes. . . . A copy of the transcript shall be served on each adverse party who has appeared. . . . *Within 20 days after service, any party may serve proposed amendments upon all other parties.* If no proposed amendments are served within

20 days after service of the transcript, the transcript shall be deemed approved and shall be filed with the clerk of the trial court within 10 days thereafter with proof of service of the transcript and an affidavit that no proposed amendments have been served. If proposed amendments are served and accepted within 20 days after service of the amendments, the proposed transcript as so amended shall be submitted for approval to the trial judge. *If proposed amendments are served and not accepted within the time for acceptance, the party procuring the transcript shall, within 10 days after expiration of the time for acceptance, notice the approval of the transcript for hearing.*" (Emphasis supplied.)

To challenge a proposed transcript of trial proceedings the challenging party must (1) prepare and serve proposed amendments upon all other parties; and (2) if such proposed amendments are not accepted within the time limit (20 days) for acceptance, such party must, within 10 days after the expiration of the time for acceptance, notice the approval of the transcript for hearing before the trial judge.

The requirement of hearing as to approval of the transcript, in the event of dispute between the parties, is repeated in the statute, sec. 274.119, providing for approval of the transcript when the trial judge is incapacitated to act or unavailable. That corollary statute provides that, in such event and where the parties cannot agree on the approval of the transcript, the presiding judge of the court ". . . shall approve such transcript and *he may take testimony and determine any dispute relative to the proceedings* had on the trial. He may, upon notice, extend the time for approving the transcript the same as the trial judge might have done." (Emphasis supplied.)

The statutorily mandated procedure for correcting a transcript was not the course followed by this defendant. Instead, without seeking a hearing from the trial court about an unresolved dispute between the

parties as to "proposed amendments" submitted by the defendant, he instituted sec. 974.06 proceedings, seeking a new trial on the ground that the transcript was not accurate or complete enough to serve as a basis for appeal.

The course thus pursued by this defendant has three inbuilt errors: (1) An erroneous assumption; (2) an erroneous interpretation of the responsibility of a litigant in disputing a transcript; and (3) an erroneous construction of the statutes involved.

The erroneous assumption is that a proposed transcript that is inaccurate in certain particulars must be presumed to be inaccurate in others. One that is incomplete anywhere is incomplete everywhere. However the statute clearly contemplates that a litigant, claiming or locating an inaccuracy or omission in a proposed transcript, is to submit "proposed amendments." If the adverse parties agree to such amendments, the transcript as amended is submitted for the approval of the trial judge. If the parties do not agree, there is a dispute and it is to be submitted to the trial judge to be resolved. Defendant's assumption is that, since there were amendments proposed and corrections made, it follows that ". . . there is certainly a strong presumption that similar omissions exist in the remainder of the transcript." (Plaintiff in Error's Brief, page 9.) At best this is conjecture. Even if additional corrections are claimed to exist, it is the responsibility of the party so claiming to submit "proposed amendments" to make such corrections. It is true that an egg that is at all bad is all bad. That is not true of a transcript of trial proceedings. Carl Schurz said of this country—"When right, to be kept right; when wrong, to be put right." (Bartlett, *Familiar Quotations* (14th ed.) at page 733.) The same is true of a transcript. Here the responsibility

to seek to make it right is on the party claiming it to be wrong.

The erroneous interpretation of the law is as to the duties and responsibilities of a party litigant in raising and resolving disputes as to the accuracy of a transcript of trial proceedings. Defendant sees this case as an "opportunity [for this court] to clearly set out the responsibilities of both the court and court reporter with respect to providing transcripts which accurately reflect the court proceedings." (Plaintiff in Error's Reply Brief, page 5.) That ignores the responsibility of the parties to the action to participate in the securing of an accurate transcript. That responsibility is spelled out in secs. 274.117 and 274.119, Stats. Here both the defendant and the district attorney were required by the statute to be participants, not spectators, in resolving any disputes between them as to the transcript. As to defendants appealing criminal convictions, our court has held: ". . . it is the general rule that the appellant has the duty to see that the evidence material to the appeal is in the record. . . ." (*State v. Smith* (1972), 55 Wis. 2d 451, 459, 198 N. W. 2d 588.) Under the statute here applicable, both defendant and district attorney were required to seek to resolve any disputes between them and, failing in that endeavor, to submit to the trial judge for determination any "proposed amendments" on which they could not agree. It is the litigating parties who, under the statute, have the laboring oar in agreeing upon a transcript or, if they cannot agree, bringing disputes as to amendments proposed by either of them to the trial judge for determination. The judge's role is limited to determining the disputes the parties present to him. As this court has said: "The responsibility of seeing to it that only an accurate and complete transcript and record is approved is upon the appellant," noting that, "The procedure for amending the record (if

necessary) and for approval is outlined in sec. 274.117."
(*Roney v. State* (1969), 44 Wis. 2d 522, 539, 171 N. W. 2d 400.)

 The defendant's erroneous construction of the law is as to the applicability of sec. 974.06, Stats., on this record to this situation. Defendant, contending that sec. 974.06 is here available, submits: "As stated in the 974.06 motion, a dozen obvious errors are revealed in the transcript, including the failure to transcribe the jury instructions. Clearly, this leaves the accuracy of the remainder of the transcripts in serious doubt." (Plaintiff in Error's Brief, page 11.) However, a defendant cannot claim a right to a new trial under sec. 974.06, based on inadequacy of the transcript, when he has not exhausted the steps available to him and required of him by sec. 274.117. It is incumbent upon such defendant to follow and comply with the provisions of sec. 274.117, as to the correcting of defects and the securing of a record adequate for appellate review of alleged trial court error. Section 274.117 requires that disputes as to "proposed amendments" to a transcript be brought to the trial court for determination. As sec. 274.119 (2) makes clear, it is then and there that the trial judge ". . . may take testimony and determine any dispute relative to the proceedings had on the trial." Following such hearing the trial court may grant a motion for new trial ". . . if, in his discretion, he determines a proper transcript cannot be approved." (Sec. 274.119 (3).) The defendant here was required to request the trial judge to correct defects in the record before he can contend that such defects prevent him from obtaining an adequate appeal. (*See: Chambers v. State* (1972), 54 Wis. 2d 460, 465, 195 N. W. 2d 477.) Section 974.06 is not available where the procedure mandated by sec. 274.117 was not followed. An order approving a transcript, like an order extending time for approval, is appealable.

(*See: Miller v. Belanger* (1957), 275 Wis. 187, 191, 81 N. W. 2d 545), but not by a sec. 974.06 motion.

Additionally, the defendant raises a claim of trial court error in having sustained objections made to questions asked on cross-examination of a rebuttal witness for the state. The initial problem with review of such issue is that there is here no trial transcript, approved by the trial judge, as required by sec. 274.117, Stats. The defendant sees the issue as to the evidentiary ruling as being reviewable because it is one of law, not fact. However, our court has ruled that, if no testimony is preserved on appeal, as here in the absence of an approved transcript, ". . . the only question is whether the judgment is supported by the pleadings and the findings or the verdict, [cases cited] ; or whether the findings support the judgment [cases ·cited]." (*Stelloh v. Liban* (1963), 21 Wis. 2d 119, 122, 124 N. W. 2d 101.) Likewise, in a case where the transcript was ordered stricken, our court held that its ". . . review will be limited to the question whether the pleadings, decision, findings, and conclusions sustain the judgment." (*Estate of Reynolds* (1964), 24 Wis. 2d 370, 374, 129 N. W. 2d 251.) In the absence of a transcript, we have stated that this court ". . . is powerless to review a question of fact which is based upon testimony or other information usually contained in a transcript. . . ." (*Mequon v. Bruseth* (1970), 47 Wis. 2d 791, 796, 177 N. W. 2d 852.)

██ Such strict limits as to what is reviewable in the absence of an approved transcript make it difficult to reach, much less resolve, the claim of error raised. Defendant's brief refers to an attempt by defendant's trial counsel ". . . to elicit testimony from Officer McKeever regarding a criminal complaint which had been filed by the defendant against the City of Cloquet, and the Police Department. . . ." (Plaintiff in Error's Brief, page 12.)

Defendant's reply brief withdraws this reference and substitutes an offer of proof by trial counsel as showing that: " '. . . the defendant, by instrumentality, filed a formal notice with the City of Cloquet . . . so the substance of the notice was to put them on notice of a civil cause of action. . . .' " (Plaintiff in Error's Reply Brief, page 6.) But such offer of proof at time of trial is part of the transcript which, since it was not approved by the trial judge, is not before us. The only reference in "pleadings, decision, findings and conclusions" of the trial court as to the issue sought to be raised is in the decision of the trial court, not at time of trial but on motion for a new trial. Then the court stated: "Even if such questioning should have been admitted we fail to see how it could have affected the result of this case." (Citing *Schumann v. State* (1926), 191 Wis. 191, 210 N. W. 360.) To agree or disagree with such trial court ruling, we would have to resort to and rely on the transcript for the questions asked, the context in which they were asked and their weight or significance as to the outcome of the trial. On this record, or lack of record, we hold that the issue sought to be raised can neither be reached nor resolved.

*By the Court.*—Judgment and orders affirmed.