COURT OF APPEALS
DECISION
DATED AND FILED

February 25, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1183**

STATE OF WISCONSIN

Cir. Ct. No. **2023SC24132**

IN COURT OF APPEALS
DISTRICT I

SHELLIE TOWNSEND,

PLAINTIFF-APPELLANT,

V.

CYME L. COOK,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed.*

¶1 GEENEN, J.[1] Shellie Townsend, *pro se*, appeals the circuit court's dismissal of her small claims action against Cyme L. Cook. Townsend's brief is difficult to understand but, because she appears to reargue the facts of the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

underlying matter, we assume that she believes the circuit court erred when it dismissed her case. We affirm.

## BACKGROUND

¶2 Townsend filed an action in small claims court seeking money damages against Cook. From the complaint, it appears that the dispute arises from work performed at Townsend's home by Cook, a home repair contractor, through his business. Townsend alleges that the work was never finished and that Cook caused various damages to Townsend's bathroom.

¶3 Following a bench trial, the circuit court dismissed Townsend's case. Townsend now appeals.

## DISCUSSION

¶4 Townsend is the appellant. On appeal, the appellant bears the burden of showing that the circuit court erred. *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. The appellant also has the "responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling.'" *State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (citation omitted). Additionally, an appellant must sufficiently develop their arguments for this court's consideration. *See Barakat v. DHSS*, 191 Wis. 2d 769, 786, 530 N.W.2d 392 (Ct. App. 1995).

¶5 Townsend's brief contains factual assertions regarding her dealings with Cook and his business, and details her efforts to have a minor bathroom repair completed to her satisfaction. However, Townsend does not make any

argument about those facts, and does not explain how those facts relate to the facts that the circuit court found, and does not explain how the facts demonstrate that the circuit court erred in the legal conclusion it reached when dismissing the case. This court need not address an argument that is insufficiently developed, ***Barakat***, 191 Wis. 2d at 786, and we will not develop an argument on a litigant's behalf, ***State v. Pettit***, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).

¶6      Furthermore, this court's review is "limited to the record[.]" ***Schimke v. Milwaukee & Suburban Transp. Co.***, 34 Wis. 2d 317, 320, 149 N.W.2d 659 (1967).  Townsend did not obtain, or at least did not include, the transcript of the bench trial in the record.  If a transcript from a proceeding is missing from the appellate record, the appellate court assumes that the missing transcript would support any decision that the circuit court made during that proceeding.  ***Fiumefreddo v. McLean***, 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993).  We do so here and, on that ground, affirm the circuit court's dismissal of Townsend's claim.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* Wis. Stat. Rule 809.23(1)(b)4.