McCormick, Plaintiff in error, vs. Cleveland, Defendant in error.

*February 10 — March 1, 1898.*

*Justices' courts:* De facto *officer: Presumptions: Collateral attack.*

Where there is the office of justice of the peace in a municipal corporation, and a judgment rendered by a person purporting to act as such justice, in the absence of evidence to the contrary it will be presumed, in favor of such judgment, that the person so acting was in possession of the office, hence at least a *de facto* justice, and the judgment not open to collateral attack.

[Syllabus by Marshall, J.]

ERROR to review a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge.   *Affirmed.* ·

For the plaintiff in error there was a brief by *Sheridan & Evans*, and oral argument by *W. L. Evans*.  To the point that the circuit court will take cognizance of who are justices of the peace in the county where the court is held, and of who are incumbents of offices under general statutes, they cited Bradner, Ev. (1st ed.), 92; 1 Rice, Ev. 26, and cases cited; 12 Am. & Eng. Ency. of Law, 179, and cases cited.

For the defendant in error there was a brief by *Calkins & McGruer* and *Sol. P. Huntington*, and oral argument by *L. A. Calkins*.

MARSHALL, J.   The record returned to this court discloses a judgment against the defendant [plaintiff in error], rendered before one William Hood, as justice of the peace of the city of Green Bay, an appeal in due form from such judgment to the circuit court for Brown county, and, as the result of the trial in the circuit court, a judgment for plaintiff [defendant in error] for $80 damages and $35 costs.   There is no bill of exceptions, therefore the writ of error brings here, properly, only the judgment and the pleadings, verdict, orders, and papers on which it was based and which affect it. *Donkle v. Milem*, 88 Wis. 33.  Affidavits, orders, and proceedings after judgment do not affect it, form no part of the record in the absence of a bill of exceptions making them such, and cannot be considered, though included in the return to the writ of error.

The sole question for discussion on the record, as we find it, is, Does it support the judgment?  The ground upon which plaintiff in error contends it does not, is that the case came to the circuit court by appeal from a judgment rendered by William Hood, pretending to act as justice of the peace of the city of Green Bay, but that the circuit court acquired no jurisdiction because Hood was not such justice, and was

McCormick vs. Cleveland.

not in possession of the office of justice of the peace of such city, therefore neither a *de facto* nor a *de jure* officer; that he was elected justice of the peace of the city of Ft. Howard, which ceased to exist as a corporation as a result of a vote on the question of its annexation to the city of Green Bay; that the charter of the city of Green Bay provides for three justices of the peace, and that there were duly elected and qualified justices in possession of all the offices at the time Hood pretended to act in the rendition of the judgment in question; but such facts, if they exist, do not appear by the record.

If Hood was a *de jure* or a *de facto* justice of the peace, his jurisdiction for the purposes of this case was complete. There was such an office as justice of the peace of the city of Green Bay. The record shows that Hood rendered the judgment pretending to act as such justice. In the absence of evidence to the contrary it must be presumed in favor of his acts that he was in the actual possession of the office, the duties of which he assumed the right to perform. Such facts constitute all the essentials of a *de facto* officer. Therefore, it conclusively appears, looking to the record alone, that Hood was at least a *de facto* officer, and hence his acts as such are not open to collateral attack. *In re Boyle*, 9 Wis. 264; *Laver v. McGlachlin*, 28 Wis. 364. This appears to be all that need be said in deciding this case. The question presented involves a proposition the decision of which turns on a principle so elementary that any discussion of the subject appears to be unnecessary.

*By the Court.*— Judgment affirmed.