RODE and wife, Respondents, vs. SEALTITE INSULATION MANUFACTURING CORPORATION, Appellant.

*February 4—February 28, 1958.*

For the appellant there was a brief and oral argument by *Austin J. Baird* of Waukesha.

For the respondents there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

BROWN, J.  Defendant's first contention is that the trial court erred in denying its motion before trial to dismiss the action without prejudice.  The ground of the motion was that plaintiffs' then attorney had been attorney for defendant some nine years earlier in an action when another plaintiff had brought similar injunction proceedings against this same

defendant, and it is improper now for counsel to serve in a contrary capacity.

When the motion was heard plaintiffs submitted their counsel's discontinuance as such attorney and his and their consent to the substitution of a different attorney not affected by the earlier action. The trial court ordered the substitution of counsel and denied the motion to dismiss. The trial with new counsel was held about ten months later.

Defendant's motion to dismiss the complaint without prejudice would, if granted, leave the plaintiffs free to commence immediately a new action with new counsel. The only purpose and effect of granting the motion would be to cause plaintiffs possible slight expense, annoyance, and delay without affecting the merits. It appears to us that such a motion is addressed to the trial court's discretion. Defendant does not argue that it has sustained prejudice. The attorney who is said to have acted improperly in representing plaintiffs withdrew. We find no abuse of discretion in the direction of the trial court that the original action proceed with unobjectionable counsel.

This disposition of defendant's motion advances us only a short step toward the merits of the appeal. Defendant presents no bill of exceptions. In its absence, review by the supreme court is limited to ascertaining whether the judgment is sustained by the pleadings and the verdict or findings. *Berkemeyer v. Milwaukee Automobile Ins. Co.* (1950), 256 Wis. 386, 41 N. W. (2d) 303; *Davis v. Davis* (1951), 259 Wis. 1, 47 N. W. (2d) 338; *State v. Josefsberg* (1957), 275 Wis. 142, 81 N. W. (2d) 735.

The trial court impaneled an advisory jury which found (1) defendant's operation of its plant at and before the time this action was begun constituted a nuisance, and (2) determined the amount of plaintiffs' damages.

The court made its own detailed findings of fact reciting the many substances which escaped from defendant's property

and invaded that of plaintiffs. They furnish ample support for the court's conclusion of law that defendant was perpetrating a nuisance. The judgment provided:

"It is ordered, adjudged, and decreed that the operation of the defendant's manufacturing plant at, and before, the time of the trial of this action constitutes a nuisance.

"It is further ordered, adjudged, and decreed that within ninety (90) days after entry of judgment, the defendant, its agents, servants, and employees be perpetually enjoined and restrained from operating its manufacturing plant in such a manner as to cause noxious and offensive gases, vapors, smoke, black sand, or dirt particles, fly-ash, and rock-wool-insulation material to emanate therefrom and be deposited in, on, or about the plaintiffs' premises and their residence; . . ."

There was a further award of damages already incurred.

Other than the provision for a ninety-day delay, this judgment is in strict accord with allegations of the complaint and the findings both of the court itself and the advisory jury. The conclusion of law, so-called, that a nuisance exists is a finding of ultimate fact and on this record stands as a verity.

Appellant submits the findings do not support the judgment because there is no finding of fact that the nuisance can reasonably be abated in ninety days, as the judgment provided. We think that finding is to be inferred from what the judgment does contain,—to wit: A recitation that the nuisance exists and the nuisance conditions must be terminated within ninety days.

If, upon these same findings and without a bill of exceptions, the trial court had enjoined forthwith the continuance of the nuisance, it could not be shown to us that a summary injunction was inequitable. We would not be able on that record to reverse. Equally, here, there is an absence of evidence from which we may conclude that the ninety-day

period of grace, which the judgment gives the defendant, is inequitable, justifying reversal. Possibly *plaintiffs* might challenge the sufficiency of the findings to support the postponement of operation of the injunction. But, as to defendant, the record warrants abatement of the nuisance without grace. The extension of grace, to which on this record there is no express finding entitling defendant to it, does not invalidate the injunction to which plaintiffs are entitled.

Appellant submits that an order issued by the trial court on July 22, 1957, provides in great detail measures to be taken by appellant to abate the various nuisance factors between the date of the order and September 9, 1957, when progress reports and further hearing shall be held. Appellant correctly says that the court should confine itself to enjoining the nuisance, leaving the methods of compliance to the party enjoined.

"If the defendant is maintaining a nuisance as the court found, the judgment should require it to abate the nuisance and to refrain from doing the things which resulted in the creation of the nuisance. The means whereby this end is to be attained are in general to be chosen by the defendant. . . . It is not for the court to choose the method by which the defendant shall proceed." *Behnisch v. Cedarburg Dairy Co.* (1923), 180 Wis. 34, 38, 39, 192 N. W. 447.

The *judgment* in the instant action simply restrains the repetition of the offensive operations. It makes no suggestion to appellant of methods to be used in complying. Our disapproval of the judgment in the *Behnisch Case, supra,* does not apply to such a judgment as the one now before us. The order of July 22d containing details to which defendant objects was entered some six months after judgment. The appeal from the judgment does not bring it before us. We dealt with such a situation in *McCormick v. Cleveland* (1898), 98 Wis. 522, 523, 74 N. W. 339, saying:

"There is no bill of exceptions, therefore the writ of error brings here, properly, only the judgment and the pleadings, verdict, orders, and papers on which it was based and which affect it. *Donkle v. Milem*, 88 Wis. 33. *Affidavits, orders, and proceedings after judgment do not affect it, form no part of the record in the absence of a bill of exceptions making them such, and cannot be considered, though included in the return to the writ of error.*" (Our emphasis.)

Finally, the appeal from the judgment brings up the award of damages. The findings sustain the award. Without a bill of exceptions they are presumed to be supported by the evidence. The defendant does not submit argument on this phase of the appeal. We must affirm on the damage issue also.

*By the Court.*—Judgment affirmed.