**James MARKETTI, as an Individual and a member of Teamsters Local 695, et al., Plaintiffs,**

**v.**

**Frank E. FITZSIMMONS, as General President of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, et al., Defendants.**

**No. 73–C–388.**

United States District Court, W. D. Wisconsin.

April 1, 1974.

---

**638**

James R. Glover, Hauser & Glover, SC Madison, Wis., for plaintiffs, local counsel.

Fredrick E. Sherman, Layton & Sherman, New York City, for plaintiffs.

Mitchell Rogovin, Arnold & Porter, Washington, D. C., for plaintiffs, co-counsel.

David L. Uelmen, Goldberg, Previant & Uelmen, Milwaukee, Wis., for defendants.

Ian D. Lanoff, International Brotherhood of Teamsters, Washington, D. C., for defendant The International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for injunctive and monetary relief. Jurisdiction is claimed under 28 U.S.C. § 1337, §§ 102 and 304 of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 412, 464), and the principle of pendent jurisdiction. The complaint alleges that the individual plaintiffs are members of Local 695, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; that plaintiff Marketti was a staff employee of Local 695 prior to November 5, 1973; that defendant Fitzsimmons as General President of the International Brotherhood of Teamsters imposed a trusteeship on Local 695 on November 2, 1973, and cancelled an election of Local officers scheduled for December 21, 1973; that imposition of the trusteeship was politically motivated and unlawful. The prayer for relief seeks, *inter alia,* dissolution of the trusteeship, restoration of plaintiff Marketti to his former staff position, and an order requiring the holding of an election for officers of Local 695. Defendants have filed an answer.

Presently before the court is plaintiffs' motion to disqualify the law firm of Goldberg, Previant & Uelman from representing defendants in this action. In suppport of the motion, plaintiffs have submitted the affidavit of plaintiff Marketti and accompanying exhibits. Defendants have submitted affidavits of defendant Jesinski, former Local officer Donald Eaton, and Attorney David Uelman in opposition to the motion.

On the basis of uncontroverted statements in the affidavits, I find as facts for the purposes of this motion that defendant Fitzsimmons imposed a trusteeship on Local 695 on November 2, 1973; that the grounds alleged by Fitzsimmons for instituting the trusteeship were mishandling of strike benefits and controversy surrounding the conduct of strikes by the Local in 1972 and 1973 against the George Holmes Tire Company, the Wisconsin Supply Cooperative, and the General Beverage Sales Company; that the Goldberg firm was counsel to the Local in 1972–1973 and represented the Local in a number of court and Labor Board proceedings growing out of the three strikes mentioned above; that the Goldberg firm advised the Local on a dispute which arose in the latter half of 1973 as to the handling of out-of-

work benefits in these three strikes; that since 1957 the Goldberg firm has represented the International Brotherhood of Teamsters; that the Goldberg firm's representation of the International was known to the officers of the Local at all times relevant to this lawsuit. On the basis of the complaint and answer, I also find as fact that each individual plaintiff is presently a member of the Local and has been a member since prior to the imposition of the trusteeship.

Plaintiffs present alternative arguments in support of the motion to disqualify. First, they contend that certain of the plaintiffs were represented individually at times during the 1972–1973 strikes by the Goldberg firm; that an attorney-client relationship existed between these plaintiffs and the firm even though this representation was undertaken on each occasion at the request of the Local; that these plaintiffs gave confidential information to the firm in the course of the individual representation; that this information is material to the present lawsuit and, therefore, that the firm must be barred from appearing on behalf of parties adverse to these plaintiffs in the present lawsuit. Plaintiffs' second contention is that the individual plaintiffs have been members of the Local since prior to the imposition of trusteeship; that the cause of action provided by §§ 302, 304 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 462, 464, is derivative in nature; that any Local member challenging a trusteeship under these sections invokes the interests of the Local; that since the Goldberg firm previously represented the Local in matters which are at issue in the present lawsuit, the firm must be disqualified at the request of "the Local" as now represented by these seven plaintiff-members.

I do not reach plaintiffs' first contention. For reasons stated below, I conclude that plaintiffs' second contention states sufficient grounds for disqualification. Of course, in so ruling, I express no opinion as to whether plaintiffs represent the "true interests" of the Local. The merits of their charges will be determined at subsequent stages of this lawsuit.

Disqualification should not be limited to situations in which confidential information has been received by the attorney from the former client. The ethical code of the legal profession requires an attorney to "avoid even the appearance of professional impropriety." ABA Code of Professional Responsibility, Canon No. 9.[1] Public trust is essential to healthy functioning of the legal system. A lawyer's representation of an interest adverse to a former client in a suit dealing with substantially the same matter as that involved in the former representation would seem a breach of trust to the lay sense of justice. Proof that no confidential information had been disclosed during the prior representation would not remove the taint of disloyalty. Absent a clear waiver of objection to potential conflicts, the undivided fidelity owed a former client requires disqualification in the subsequent situation whenever the following criteria are satisfied:

". . . (1) the former representation, (2) a substantial relation between the subject matter of the former representation and the issues in the later lawsuit, and (3) the later adverse representation." E. F. Hutton & Co. v. Brown, 305 F.Supp. 371, 394 (S.D.Tex.1969), citing Cord v. Smith, 338 F.2d 516 (9th Cir. 1964). See also ABA Commission on Professional Ethics, Informal Opinions, No. 885 (1965).

---

1. While Wisconsin law is not controlling in this matter, I note that the Code of Professional Responsibility governs the practice of law in the state courts. "Amendment of State Bar Rules," 43 Wis.2d lxxv (1969).

■ The threshold question here is whether plaintiffs can establish former representation by the Goldberg firm. I conclude that the cause of action provided by §§ 302, 304 places any complaining Local member in the shoes of the Local for purposes of a motion to disqualify. § 304(a) provides in pertinent part:

Any member or subordinate body of a labor organization affected by any violation of this subchapter (except section 461 of this title) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate.[2]

The pertinent substantive provision, § 302, is set out below.[3] The original Senate version[4] of what became the Labor Management Reporting and Disclosure Act of 1959 provided for a proceeding by the Secretary of Labor as the exclusive federal remedy for violation of the trusteeship provision. 1959 U.S.Code Cong. & Admin.News at p. 2336. The House changed the Senate version of § 304(a) to allow a Federal suit by an individual union member in addition to the remedy by the Secretary of Labor. Id. at pp. 2437–2438. The House version became law. Both the Senate and House Reports note:

"[L]abor history and the hearings of the McClellan Committee demonstrate that in some instances trusteeships have been used as a means of consolidating the power of corrupt union officers, plundering and dissipating the resources of Local unions, and preventing the growth of competing political elements within the organization." Id., 1959 U.S.Code Cong. & Admin.News at p. 2333 and at p. 2435.

The legislative background of § 304(a) discloses a strong public interest in supervising the use of trusteeships. The alternative remedies provided do not serve interests peculiar to individual members, but rather protect the well-being and independence of subordinate units in labor organizations. Thus, plaintiffs' action is representative, or derivative, in nature. I conclude that plaintiffs stand in the stead of the Local for purposes of the present motion and that the *Hutton* test of former representation is satisfied.

I turn to the subject matter and adversity criteria. Central to the present suit is the question of mishandling of strike benefits. It is a matter on which the Goldberg firm advised the Local prior to imposition of the trusteeship. The conduct of the three strikes also may be at issue here. The Goldberg firm performed considerable representa-

2. The full text of § 304(a) is:
   "(a) Upon the written complaint of any member or subordinate body of a labor organization alleging that such organization has violated the provisions of this subchapter (except section 461 of this title) the Secretary shall investigate the complaint and if the Secretary finds probable cause to believe that such violation has occurred and has not been remedied he shall, without disclosing the identity of the complainant, bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate. Any member or subordinate body of a labor organization affected by any violation of this subchapter (except section 461 of this title) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate."

3. § 302.
   "Trusteeships shall be established and administered by a labor organization over a subordinate body only in accordance with the constitution and bylaws of the organization which has assumed trusteeship over the subordinate body and for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization."

4. S. 1555, 86th Cong., 1st Sess.

tion of the Local in proceedings arising out of these strikes. A substantial relation between the subject matter of the former representation and the issues in this lawsuit is present. Adversity between the claims of the International and its trustees, on the one hand, and the interests of the Local invoked by plaintiffs is also present.

A final consideration is whether the Local's knowledge that the Goldberg firm also represented the International constitutes a prior waiver of the present objection.[5] This knowledge is not sufficient to impute to the Local waiver of objection to all potential conflicts that might develop from the firm's representations of both the International and the Local. Such a waiver can be achieved only by counsel fully disclosing the potential conflicts to the client. "The obligation to search out and disclose potential conflicts is placed on the attorney in order to put the client in a position to protect himself by retaining substitute counsel if he so desires. [footnote omitted]" *Hutton, supra,* at 398 of 305 F.Supp. The disclosure must be as thorough as is necessary to enable the client to make a reasoned choice about counsel. The record here shows no attempt at such disclosure; I find no waiver.

Each of the *Hutton* criteria has been satisfied and the right to object to conflicting representation has not been waived. The necessity of preventing even the appearance of disloyalty of lawyer to client requires that the motion to disqualify be granted.

### ORDER

Accordingly, it is hereby ordered that the law firm of Goldberg, Previant & Uelman is enjoined from representing the defendants in any further proceedings in this action.

---

5. It does not matter whether the plaintiffs themselves knew that the Goldberg firm also represented the International. Since their standing in this motion is as representative of the Local, only the knowledge and actions of the Local's properly elected officers prior to the trusteeship are relevant to the waiver issue.