ENNIS, Plaintiff-Respondent, v. ENNIS, Defendant-Appellant.

Court of Appeals

*No. 77–429. Submitted on briefs October 10, 1978.—Decided January 30, 1979.*
(Also reported in 276 N.W.2d 341.)

84

For the defendant-appellant the cause was submitted on the briefs of *James P. Gerlach* of *LaRowe & Gerlach,* of Reedsburg.

For the plaintiff-respondent the cause was submitted on the brief of *Vaughn S. Conway* of Baraboo,

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

BABLITCH, J.  Jerald Ennis (defendant) appeals from an order granting a motion to reopen a judgment of divorce, orders denying his motions to dismiss the proceedings below, and an order granting Barbara Ennis (plaintiff) an allowance of child support pending appeal and award of attorneys fees on appeal.

Plaintiff and defendant were married July 29, 1961, and divorced on August 1, 1974.  During the divorce proceedings, the defendant was represented by a firm of attorneys through an attorney then employed by that firm.  Plaintiff was also represented by counsel.  The

parties entered into a written stipulation providing that the plaintiff would receive custody of the minor children, the right to live in the homestead until the youngest child reached 18, one-half the proceeds from the sale of the home after that date, and child support in the amount of $35 per week.

At the divorce hearing, only very brief testimony was elicited in support of the stipulation. Plaintiff testified that she "earned" between $75 and $80 per week, and that the defendant "earned" between $700 and $800 per month. The defendant testified that plaintiff's statement was accurate as to his earnings. Neither party was asked by either attorney or by the trial court whether these were gross earnings or net after taxes. On the joint motion of the parties' attorneys the trial court approved the stipulation in all respects. The findings of fact were drafted by the plaintiff's attorney and approved by the defendant's attorney and by the family court commissioner.

Nearly three years later, on May 19, 1977, plaintiff moved in the alternative either to modify the judgment to provide credit to her for certain repairs made to the home[1] or to reopen the judgment on the ground of fraud perpetrated on the court by the defendant. The alleged fraud was that the income figures testified to at the time of trial were net figures, but were referred to as "gross" amounts in the findings of fact adopted by the court. The motions were made on plaintiff's behalf by a member of the firm which had represented defendant in the original action.

Five separate hearings were held on the motion to reopen. In light of our holding, it is unnecessary to discuss them in detail. The defendant moved to dismiss the plaintiff's motions on the ground that they were

[1] The motion to modify was not ruled on by the trial court and has apparently been abandoned by plaintiff on this appeal.

not made within one year after the entry of judgment as required by sec. 806.07(2), Stats. His motion was eventually denied. He also made repeated objections to plaintiff's representation by an attorney from the same firm which had represented him in the original action, and moved to dismiss, or alternatively to continue the action until plaintiff acquired new counsel, on the ground that the continuing representation was in violation of the Canons of Ethics and hindered defendant's preparation of a defense. This motion was also denied. In the trial court's view, the ethical issue was a matter for the State Bar of Wisconsin and not for the trial court.

At the conclusion of the hearings the trial court found on the basis of the parties' joint 1973 income tax returns that the defendant grossed $14,437.40 and that plaintiff grossed $4,746.87 in that year, and that "fraud was perpetrated on the Court as to the parties earnings" in the original divorce trial. For this reason the court granted plaintiff's motion to reopen the judgment of divorce.

After the defendant filed his appeal from that order, the plaintiff moved pursuant to sec. 247.39, Stats. (1975), for an allowance pending appeal. A hearing was held on that motion on November 21, 1977, at which defendant did not personally appear. An affidavit was filed on his behalf by his attorney setting forth his then current income and expenses. Since the transcript of that hearing is not before us on this appeal, we do not know what other evidence, if any, was adduced in support of the motion. At the conclusion of the hearing the court ordered defendant to pay $15 per week "in addition to the support for the minor children . . . ordered by the Judgment of Divorce" of $35 per week. He also ordered defendant to pay $500 as contribution towards plaintiff's attorney fees on appeal. Defendant appealed from these orders as well, and thereafter moved to stay the orders

pending appeal. On December 13, 1977, the court "stayed" the orders but provided that defendant's 50% interest in the parties' home would stand as security for the ordered amounts and that "in the event said appeal is unsuccessful, defendant's interest shall be encumbered to the extent said allowances shall be due and owing to plaintiff."

We deem the issues to be as follows:[2]

I. Whether the trial court erred in granting a motion to reopen a judgment on the ground of fraud more than a year after judgment was entered.

II. Whether plaintiff is entitled to relief from judgment on any other ground.

III. Whether the trial court erred in granting attorney fees and child support pending appeal.

IV. Whether the trial court erred in refusing to disqualify plaintiff's attorney or dismiss the action after disclosure of a conflict of interest in the representation.

I.

RELIEF GROUNDED ON FRAUD

The grounds for granting relief from judgment are set forth in sec. 806.07, Stats.[3] That section provides

---

[2] Plaintiff contends that an order reopening judgment is not an appealable order under sec. 817.33, Stats. 1975. She made this identical argument to the Wisconsin Supreme Court on her motion to dismiss this appeal. That court denied the motion summarily citing *Vande Voort v. Stern*, 16 Wis.2d 85, 114 N.W.2d 126 (1962). Its ruling is conclusive of that issue.

[3] Sec. 806.07, Stats., **Relief from judgment or order.**

(1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

that a motion seeking relief based on mistake or fraud must be brought within a year after the judgment was entered or the stipulation was made.

Though the statute "does not limit the power of a court to entertain an independent action . . . to set aside a judgment for fraud on the court," plaintiff concedes on appeal that her motion to reopen was not an "independent action" within the meaning of the statute. That phrase connotes the commencement of a new and separate proceeding by filing a summons and complaint.[4] Since the motion was brought almost three years after judgment was entered, it was not timely and should have been dismissed. *Doheny v. Kohler*, 78 Wis.2d 560, 254 N.W.2d 482 (1977).

---

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

(2) The motion shall be made within a reasonable time, and, if based on sub. (1) (a) or (c), not more than one year after the judgment was entered or the order or stipulation was made. A motion based on sub. (1) (b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court.

[4] *See, e.g., Doheny v. Kohler*, 78 Wis.2d 560, 564, 254 N.W.2d 482 (1977); *Borello v. Industrial Comm.*, 26 Wis.2d 62, 66, 131 N.W.2d 847 (1965).

## II.

## RELIEF FOR OTHER REASONS

Plaintiff argues for the first time on this appeal that her motion and the trial court's order reopening judgment were not grounded solely on "fraud" or mistake, and submits that the order should be sustained pursuant to sec. 806.07(1)(h), Stats. That section provides for reopening a judgment for "[a]ny other reasons justifying relief from the operation of the judgment." Under sec. 806.07(2) a motion for such relief must be brought "within a reasonable time" after it is entered.

Plaintiff's motion for relief in this action was grounded exclusively on a claim of fraud.[5] The trial court's order was similarly restricted to a finding of fraud. Having failed to raise any claim of "other reasons" warranting relief from judgment in the trial court, plaintiff is not entitled to raise them here. *Cordes v. Hoffman,* 19 Wis.2d 236, 238–39, 120 N.W.2d 137 (1963). Nonetheless, in light of the lengthy and convoluted proceedings below, and in the interest of economy on remand, we choose to reach this issue. *Estate of Zeimet,* 259 Wis. 619, 622, 49 N.W.2d 924 (1951); *Braasch v. Bonde,* 191 Wis. 414, 418, 211 N.W. 281 (1926).

---

[5] Motion to Reopen:

Plaintiff, by her attorney . . . moves the court to reopen the divorce judgment heretofore entered in this action by the above court on August 1, 1974, on the ground that the judgment was obtained by the fraud of the defendant upon the court, as a result of which the Court was mislead [*sic*] and defrauded in confirming the stipulation heretofore entered into between the parties to this action, upon which the judgment herein was based, to the damage of plaintiff's children in such sum to which the children would have been reasonably entitled had the defendant not so defrauded the Court.

Section 806.07(1)(h), Stats., is based on Fed. R. Civ. P. 60.[6] We concur with the federal interpretation that this provision must be liberally construed to allow relief from judgments "whenever such action is appropriate to accomplish justice." *See, e.g., Klapprott v. United States,* 335 U.S. 601, 615 (1948). The facts of this case, however, provide no basis for relief under this provision.

This entire controversy arises out of a single scrivener's error which has no bearing on the equity of the stipulation negotiated by the parties and approved by the trial court. Plaintiff makes no claim that she was misled in any way by the mistaken reference to "gross" rather than to "net" income in the findings of fact prepared by her attorney. Nor does she claim that defendant withheld any financial information from her prior to trial, the disclosure of which would render the original stipulation unfair in any respect.

The parties' 1972 and 1973 joint tax returns were signed by the plaintiff prior to the original trial. She provided copies of both returns to her present counsel prior to the commencement of these proceedings. She offers no reason why she waited almost three years to challenge the divorce judgment. We hold that her motion for relief was not brought "within a reasonable time" after judgment was entered within the meaning of sec. 806.07(2), Stats.

[6] *See* Judicial Council Committee's Note 1974, to sec. 806.07, Stats. "This section is substantially equivalent to Federal Rule 60(b) and replaces s. 269.46." *Wis. Rules of Civil Procedure,* 67 Wis.2d 587, 726 (1975).

## III.

## CHILD SUPPORT AND ATTORNEY FEES PENDING APPEAL

Defendant contends that the trial court lacked jurisdiction to award child support pending appeal or attorney fees on appeal, since it lacked the power to reopen a judgment based on fraud more than a year after it was entered. The motion for support was brought pursuant to sec. 247.39, Stats. (1975),[7] which provided:

Alimony or other allowance for a spouse or children when an appeal of divorce or legal separation action is pending before the supreme court may be allowed . . . .

In *Strandberg v. Strandberg*, 27 Wis.2d 559, 135 N.W.2d 241 (1965), the Wisconsin Supreme Court upheld the trial court's dismissal of a divorce action on the ground that the plaintiff had not acquired residency in the county of origin at the time the action was commenced and thus the court had no jurisdiction to hear it. It also upheld the trial court's award of alimony to plaintiff pending appeal under sec. 247.39, Stats. We conclude that the statute provides a basis independent of the court's jurisdiction of the merits of an action to make an award of allowances pending appeal. Consequently, the trial court's award in the case is not "void" for want of jurisdiction.

The defendant raises no other issue with respect to the award of allowances pending appeal. The transcripts of the hearings on the allowances are not before

---

[7] This section was repealed by sec. 70, ch. 187, Laws of 1977. Present sec. 247.39 similarly provides an independent basis for an award of support pending appeal.

us, and the trial court made no findings in support of the award.

This court will not normally reach issues not raised by the parties. We find it necessary to do so here in order to fully dispose of the issues presented by the peculiar circumstances of this case, and to afford substantial justice to the parties.

The trial court's order of December 13, 1977, encumbering defendant's interest in the homestead by the amount of the allowances pending appeal "in the event said appeal is unsuccessful," leaves the parties' respective rights unclear following our disposition of the case.[8]

In addition, if the increase in child support over that awarded in the 1974 divorce judgment was based on the court's finding of "fraud" in the original action, it is unsupported by the record. The record contains no evidence that either party committed a fraud on the court, or that the stipulated amount of child support was unreasonably low in light of the now disclosed gross incomes of each party. The stipulated amount was approved on the basis of the actual resources available to the parties and their children. The fact that each of them earned a higher gross amount before taxes is no basis for an increased award in the absence of a showing that improper deductions were taken by defendant. No such showing was made here.

---

[8] The order "staying" the allowances is unclear whether it intends to stay the entire allowance granted or only that portion by which the original amount of child support is increased. It is also unclear whether the encumbrance on defendant's interest in the real estate is to include the amount awarded as attorney fees pending appeal. It is further uncertain whether the words "this appeal" refer to the appeal from the order granting the allowance or to the appeal from the order reopening the judgment or to both. It seems apparent that our failure to address these issues now will result in further confusion and delay both for the parties and for the trial court.

Consequently, the trial court's orders of November 21 and December 13, 1977, are vacated with respect to the increased amount of child support over the amount awarded in the original judgment, and that matter is remanded to the trial court for findings consistent with the evidence adduced at the hearings on allowance pending appeal and with the following portion of this opinion.

Section 247.39, Stats., sets forth no standards for determining the appropriate amount of support pending appeal under that section. Nor does any Wisconsin case to this date set forth such standards. The purpose of this section is to provide for the support of parties and children during appeal where no other valid order for support is in effect. That situation could arise where, as here, a judgment awarding support is vacated, or as in cases such as *Strandberg, supra,* where the trial court had no jurisdiction to entertain the action.

In this case the award of child support in the original judgment was rendered ineffective when the trial court vacated the judgment. That judgment has now been reinstated as the result of our holdings. We are reluctant to allow a party to obtain an increase in child support under sec. 247.39, Stats., to which he or she may not be entitled under sec. 247.32, Stats., and the cases construing it. On the other hand, we believe that sec. 247.39 must be construed so as to apply uniformly to all of the various kinds of situations in which relief pending appeal is sought. Since a trial court cannot know at the time it vacates a previous support order and grants an order pursuant to sec. 247.39 whether its vacation of the previous order will be upheld on review, it seems inappropriate to require that the increase in

support pending appeal be supported by a showing of substantially changed circumstances from the time of the original judgment. For this reason, we hold that the standard for awarding support pending appeal under sec. 247.39 is the comparative need of the party seeking the support and the ability of the opposing party to pay it at the time motion for such relief is made. Accordingly, if the record of the hearings on support pending appeal in this case demonstrates the need of the children and the ability of the defendant to pay the ordered total of $50 per week, the orders should be confirmed effective from November 21, 1977 to the date of remittitur of the record on appeal.[9] An award under sec. 247.39 "pending appeal" terminates on remittitur. *See Strandberg,* 27 Wis.2d 559, 569. After the date of remittitur, the order of child support contained in the original judgment of divorce will again be in effect, until such time as plaintiff moves for an increase pursuant to sec. 247.32, and proves that the change of circumstances required by that section has occurred.

In light of our holding that the trial court should have dismissed the action or disqualified plaintiff's counsel from further proceedings after disclosure of a conflict of interest in the representation, that portion of the orders granting an award of attorney fees on appeal is vacated. Since counsel should have withdrawn voluntarily from the action as soon as the conflict of interest became apparent, we hold that no portion of his fee

---

[9] This holding should not be construed as justifying "retroactive" support awards of the sort prohibited in *Foregger v. Foregger,* 40 Wis.2d 632, 162 N.W.2d 553, 164 N.W.2d 226 (1968). Any implication to that effect in our previous holding in *Monson v. Monson,* 85 Wis.2d 794, 803, 271 N.W.2d 137 (1978), is retracted. *Monson* involved a requested expungement of arrears which is permitted under *Rust v. Rust,* 47 Wis.2d 565, 177 N.W.2d 888 (1970).

after that time could be viewed as reasonable, and that no award of fees on this appeal can stand.

## IV.

## ETHICAL VIOLATIONS

Plaintiff contends that the order denying defendant's alternative motion to dismiss or to continue the action until plaintiff obtained new counsel is not appealable. Section 817.33 (3) (a), Stats. (1975),[10] provides that an order refusing a "provisional remedy" is appealable. A provisional remedy has been defined as "affirmative relief given when the exigencies of the case require it, and . . . a remedy outside of and beyond those ordinary proceedings in an action which relate merely to matters of practice and procedure, or which rest entirely in the discretion of the court." *Noonan v. Orton,* 28 Wis. 386 (1871). *See also State ex rel. Opelt v. Crisp,* 81 Wis.2d 106, 260 N.W.2d 25 (1977).

The remedy sought in the instant case was an order prohibiting a member of the firm which had previously represented him from participating in the current proceedings involving the identical subject matter of the former representation. We hold that the remedy sought was a "provisional remedy" within the meaning of the statute and that the order refusing it was appealable.

The trial court refused the requested relief apparently on the assumption that it had no power to grant it, and that defendant's only remedy was to complain to the

[10] Sec. 817.33, Stats., defining appealable orders, was repealed by sec. 118, ch. 187, Laws of 1977, effective August 1, 1978. Since this appeal was filed prior to that date, the statute applies.

State Bar of Wisconsin in a grievance proceeding. This assumption is incorrect. The Wisconsin Supreme Court has held that trial courts have not only the power but the duty to intervene where the professional misconduct of an attorney before it affects the substantial rights of the parties. In *Harvey v. Harvey*, 202 Wis. 553, 561–62, 231 N.W. 580 (1930), the court recognized that the trial court's power to dismiss an action extended to cases involving conflicts of interest, as well as to cases involving champertous contracts. *See also Blixt v. Janowiak*, 177 Wis. 175, 188 N.W. 89 (1922). This power was more recently recognized in *Rode v. Sealtite Insulation Mfg. Corp.*, 3 Wis.2d 286, 88 N.W.2d 345 (1958), which upheld the trial court's denial of a motion to dismiss only because the offending attorney had withdrawn from the case and new counsel had been substituted.

Standard Seven of the *Code of Judicial Ethics*, 36 Wis.2d 252, 257, 153 N.W.2d 873 (1967), states that a judge "should utilize his opportunities to criticize and correct unprofessional conduct of attorneys and counsellors." In addition, recent federal cases have found an inherent power in courts to enforce the Canons of Ethics by disqualifying attorneys from proceeding with the case in conflict of interest situations. *See Marketti v. Fitzsimmons*, 373 F. Supp 637 (W.D. Wis. 1974) ; *Koehring Co. v. Manitowoc Co., Inc.*, 418 F. Supp 1133 (E.D. Wis. 1976) ; *First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, 571 F.2d 390 (7th Cir. 1978).

The interests which warrant and necessitate this power in the trial court are broader than those of the individual litigants. The interests of the public and of the profession are also involved. As counsel for defendant argued before the trial court, this issue goes to "the heart of our attorney system." Attorneys and judges alike have a responsibility to protect that system from abuse.

Plaintiff's present counsel represented her in this action despite the fact that an attorney employed by his firm had represented defendant in the action in chief. Though that attorney had left the firm's employ prior to the commencement of these proceedings, defendant's file remained in the firm's office. Defendant testified that he had demanded the file in writing soon after he received notice of motion in these proceedings. The file was not released to him until some two months later, midway through the proceedings, when defendant's present counsel subpoenaed it.

It is apparent from the record that the lack of this file seriously hampered defendant in preparing his defense to plaintiff's allegations of fraud. It was necessary for his original attorney to testify from memory as to financial information the defendant had provided him and negotiations with plaintiff's original counsel more than three years earlier.

Moreover, it was necessary for plaintiff's present counsel to testify with respect to his own involvement in the original action and his knowledge of the file during the time it was in his possession.

This conduct constitutes a serious breach of the Code of Professional Responsibility in several respects.[11] At-

■■ Disciplinary Rule 4-101, *Code of Professional Responsibility*, 43 Wis.2d xxxviii (1969).

Preservation of Confidences and Secrets of a Client.

(A) "Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

(B) Except when permitted under DR 4-101(C), a lawyer shall not knowingly:

(1) Reveal a confidence or secret of his client.

(2) Use a confidence or secret of his client to the disadvantage of the client.

torneys are obligated to avoid even the appearance of impropriety. Canon 9, *Code of Professional Responsibility*, 43 Wis.2d lxxi (1969); *First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, 571 F.2d 390, 396 (7th Cir. 1978). Though plaintiff's present counsel may have undertaken her representation without knowledge that his former employee had represented defendant in the same action, the obvious conflict of interest would have been apparent from at least the time of the first hear-

(3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.

. . .

(D) A lawyer shall exercise reasonable care to prevent his employees, associates, and others whose services are utilized by him from disclosing or using confidences or secrets of a client, except that a lawyer may reveal the information allowed by DR 4–101(C) through an employee.

Disciplinary Rule 5–101(B), *Code of Professional Responsibility*, 43 Wis.2d xlvi (1969).

A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

Disciplinary Rule 5–101(A), *Code of Professional Responsibility*, 43 Wis.2d xlv (1969).

Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

ing, when defendant expressed dismay that his former wife was now appearing, in essence, by his former attorney. It is wholly irrelevant whether plaintiff's counsel had any direct or indirect involvement in the original action.[12] Defendant was a client of his firm, and was entitled to insist that any member of that firm protect his confidences and avoid any act which might adversely affect the very interests it had been engaged to protect.[13]

Plaintiff's counsel should have withdrawn from the case at the time the conflict of interest became apparent. Failing his voluntary withdrawal, we hold that the trial court had the power and responsibility to dismiss the action, or to disqualify him from proceeding.

The order reopening the judgment is vacated. The order granting support pending appeal and attorney fees on appeal is vacated and remanded for proceedings not inconsistent with this opinion.

*By the Court.*—Orders vacated; cause remanded with directions.

---

[12] *See Matter of Proceedings Against Sedor,* 73 Wis.2d 629, 637, 245 N.W.2d 895 (1976). Testimony on this point is disputed. Defendant testified he believed plaintiff's counsel had at least an indirect involvement in the original action. This was denied by plaintiff's counsel.

[13] Disciplinary Rule 5–105(D), *Code of Professional Responsibility,* 43 Wis.2d xlvii (1969); *Koehring Co. v. Manitowoc Co., Inc.,* 418 F. Supp. 1133, 1137 (1976); *Marketti v. Fitzsimmons,* 373 F. Supp. 637, 639 (1974).