Elizabeth J. SECORD and Donald J. Secord, Plaintiffs,

v.

CHRYSLER CORPORATION and Insurance Company of North America, Defendants-Respondents,

Margaret B. MARTELL, Defendant-Appellant,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.†

Court of Appeals

*No. 79-296. Argued October 11, 1979.—Decided April 23, 1980.*
(Also reported in 292 N.W.2d 365.)

---

† Petition to review denied.

For the defendant-appellant there was a brief by *Marvin H. Davis* and *Joanis, Davis, Ablan & Joanis* of La Crosse, and oral argument by *Marvin H. Davis.*

For the defendant-respondent Chrysler Corporation there was a brief by *John E. Feldbruegge* and *Thomas N. Harrington* and *Prosser, Wiedabach & Quale, S.C.* of Milwaukee, and oral argument by *John E. Feldbruegge.*

For the defendant-respondent Insurance Company of North America there was a brief by *LaVern G. Kostner* and *Kostner, Ward, Galstad & Koslo* of Arcadia and oral argument by *LaVern G. Kostner.*

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Margaret Martell appeals from an order of the La Crosse County Circuit Court denying her motion to preclude the codefendants in the above action from maintaining cross-claims and defenses against her in a personal injury action.[1]

Martell is one of four defendants in an action by Elizabeth Secord and her husband alleging damages for injuries to Mrs. Secord in excess of $25,000. The complaint alleges that Martell operated a food service for the *La Crosse Tribune* employees in the *Tribune* building and that she had parked her car in front of the building and was going to work when her unattended automobile rolled from its parking place and struck Secord. The complaint

---

[1] This court granted Martell leave to appeal the order, pursuant to sec. 809.50(3), Stats.

also alleges that State Farm Insurance Company is liable as the insurer of Martell's car; that the *La Crosse Tribune* is liable as the employer of Martell; that Insurance Company of North America (INA) is liable as the insurer of the *Tribune;* and that Chrysler Corporation is liable as the manufacturer of Martell's allegedly defective automobile.

Martell's liability insurance with State Farm is limited to $25,000. She retained Attorney William Skemp to represent her as to any liability over that amount. After being retained by Martell, Skemp also agreed to represent the *Tribune's* insurer, INA, and the Chrysler Corporation in defense of the lawsuit. INA knew that Skemp represented Martell when it retained Skemp. Chrysler claims it did not know that Skemp represented Martell when it retained him. Chrysler concedes it knew that Skemp represented INA, but stated that Skemp represented to them that he expected the action to be dismissed as to INA.

Skemp filed an answer on behalf of all four defendants which denied that Martell was the *Tribune's* agent or employee and denied that Chrysler manufactured a defective automobile. Although the separate answer drawn by an attorney for State Farm as insurer of Martell initially denied that she was the *Tribune's* agent or employee, the amended answer agreed that she was an employee. State Farm also cross-claimed against Chrysler for contribution on the basis of Chrysler's alleged production of a defective car.

Skemp requested and Martell agreed to sign an affidavit drawn by Skemp which contained statements of fact and a conclusion that she was not an agent or employee of the *Tribune.*[2] Skemp's law firm then filed a

[2] The affidavit states in relevant part:

3. The affiant states that the only relationship that affiant had with the La Crosse *Tribune* is under a Lease Agreement

reply to State Farm's cross-claim against Chrysler which denied State Farm's right to contribution on behalf of Martell. Skemp responded on behalf of Chrysler to written interrogatories submitted by State Farm, and prepared an answer for INA which denied Martell's agency with the *Tribune*. He also cross-claimed against Chrysler for contribution on behalf of INA.

Skemp moved for summary judgment on behalf of the *Tribune* and INA on the ground that Martell's affidavit showed that she was not an agent or employee of the *Tribune* and that the *Tribune* and its insurer, INA, could not be held responsible for her negligence. The court denied the motion.

Subsequently, Chrysler substituted counsel for Skemp and obtained Skemp's files concerning the litigation. Chrysler then filed a cross-claim against Martell for contribution, alleging that she was an agent of the *Tribune*.

Martell retained her present counsel who filed a "motion for preclusion." The motion asserted that Martell suffered emotional stress and anxiety because of the uncertain loyalties of Skemp, who filed cross-claims against her on behalf of adverse parties and induced her

under which affiant was a lessee at the La Crosse *Tribune's* place of business of certain food service facilities; that a copy of said Lease Agreement between affiant and the La Crosse *Tribune* is annexed hereto and made a part hereof; that said Lease Agreement was in full force and effect on May 13, 1976, and that such Lease Agreement established the only relationship that existed between affiant and the La Crosse *Tribune* and Lee Enterprises.

4. That affiant knows that the defendant, Insurance Company of North America, was an insurer of the La Crosse *Tribune* and Lee Enterprises, but that such insurer's agreement granted no coverage to affiant or her business relationship as a lessee of the La Crosse *Tribune* and Lee Enterprises.

5. That this Affidavit is made for the purpose of establishing the facts and for declaratory judgment dismissing the Complaint of the plaintiffs against the Insurance Company of North America as a party defendant in this action.

to sign an affidavit conceding that she was not an agent or employee of the *Tribune*. Martell sought the following relief:

(1) That the court preclude INA and Chrysler from asserting cross-claims against Martell for contribution;

(2) That the court preclude INA from asserting the defense that Martell was an independent contractor;

(3) That Skemp and his firm's associates refrain from representing any party in this action; and,

(4) That Skemp and the associates in his law firm produce all files related to the litigation for an *in camera* review by the circuit court to determine if a breach of confidence had occurred or if a need existed for any further requests for preclusion.

The trial court conducted an *in camera* review of Skemp's files and found no evidence of a breach of confidence by Skemp or his firm's associates during the eight months in which Skemp represented three of the defendants. The court denied the motion to preclude.

On appeal, Martell asks this court to prevent INA and Chrysler from asserting cross-claims against her for contribution, to prevent INA from raising the defense that Martell is an independent contractor, and to suppress her affidavit which concludes that she is not an agent of the *Tribune*. Martell's concern is that the affidavit could be used to impeach her credibility during the jury trial. Martell contends that although some of the statements of facts in the affidavit are correct, the conclusion that she is not an agent or employee of the *Tribune* is incorrect.

Chrysler and INA contend that Martell's remedy is against Skemp. They stress that Skemp is not a party to this action, and that there has been no finding by a court or the Board of Professional Responsibility that Skemp has committed ethical violations.

Martell's claim for relief is based on two theories:

(1) That a presumption exists that an attorney communicates all information to clients regarding their litigation even when the communication adversely affects other clients represented by the attorney in the same litigation; and,

(2) That the codefendants have tortiously interfered with the contractual relationship between Martell and her counsel.

Martell contends that the only adequate remedy for the misdeeds of INA and Chrysler is to preclude them from asserting substantive claims against her.

(1) *Presumption that Information Has Been Communicated*

Martell argues that there is no way to determine with certainty what Skemp told INA and Chrysler, and that the law presumes that an attorney communicates to his clients all of his or her knowledge and information with respect to the litigation, citing *Wauwatosa Realty Co. v. Bishop,* 6 Wis.2d 230, 94 N.W.2d 564 (1959), and *Melms and Others v. Pabst Brewing Co. and Others,* 93 Wis. 153, 168, 66 N.W. 518 (1896). The presumption does not arise if the attorney's communication would breach a confidence. *Melms,* 93 Wis. at 169. As the court stated in *Melms,* 93 Wis. at 168, 66 N.W. at 522, an attorney "cannot be expected to communicate . . . what it would be his legal duty to conceal."

Thus, neither INA nor Chrysler can be presumed to know of any confidential information shared by Martell with Skemp. As the presumption does not arise in this situation, and there is no evidence of a breach of confidence in the files reviewed by the circuit court, the trial court correctly denied Martell's motion to preclude.

The contents of the affidavit taken by Skemp do not divulge any confidential information, but its use by

Skemp in the motion for summary judgment on behalf of INA at least implies that INA knew at that time that Skemp was promoting its interest at the possible expense of Martell. While this implication is relevant to a potential action for damages against INA, as discussed later in this opinion, it does not require this court to prevent INA from pursuing a substantive claim.

Martell's discovery that her attorney was simultaneously representing adverse clients, though cause for legitimate concern, does not give rise to the remedy she requests. There are no Wisconsin precedents as to the appropriate remedy for a client whose attorney has been disqualified.[3] The issue was discussed in *First Wis. Mortg. Trust v. First Wis. Corp.*, 584 F.2d 201 (7th Cir. 1978). The attorneys in that case were disqualified from representing a client because they had previously represented the client's adversary. The issue was whether the disqualified attorneys' work product could be transferred to successor counsel.

The federal court rejected a rigid *per se* rule which would have prevented counsel from transferring their work product, in favor of a flexible standard based on the particular facts to determine what information may

[3] *Ennis v. Ennis*, 88 Wis.2d 82, 276 N.W.2d 341 (Ct. App. 1979), is relied upon by Martell as a basis for granting her relief. In *Ennis*, this court concluded that if the attorney in a situation such as this fails to disqualify himself, then "the trial court had the power and responsibility to dismiss the action, or to disqualify him from the proceeding." *Ennis*, 88 Wis.2d at 100, 276 N.W.2d at 348.

The dismissal discussed by this court in *Ennis* refers to a dismissal without prejudice considered in *Rode v. Sealtite Insulation Mfg. Corp.*, 3 Wis.2d 286, 88 N.W.2d 345 (1958). *See Ennis*, 88 Wis.2d at 97.

In any event the opinion in *Ennis* does not discuss the trial court's power and responsibility in a situation where the attorney does disqualify him or herself. Thus, *Ennis* does not control the disposition of this case.

be passed from a disqualified attorney to a successor attorney. The court reasoned:

> In our opinion, such an automatic or per se equation of denial of the work product to the disqualification of representation is not good law and the application of such a rule without more requires reversal. No doubt it will frequently be that the lawyer who is unfortunate enough to become involved in the Goodwin Sands of simultaneously representing clients whose interests either are or thereafter come into conflict, and who ceases representation of one of the clients, will find that the work performed during the period subject to disqualification will have aspects of confidentiality or other unfair detriment to the former client arising from the very fact of the knowledge and acquaintanceship acquired during the period of the prior representation. This does not mean, however, that this is always the situation, or even that it is frequently so. We see no reason for an irrebuttable presumption merely from dual representation in the conflict context to the effect that whenever cause of disqualification exists any lawyer work thereafter is lost work irrespective of its nature or any other pertinent factors. *First Wis. Mtge. Trust*, 584 F.2d at 204–05.

■

The circuit court in this case made an *in camera* review of the files which Skemp transferred to counsel for INA and Chrysler. The court concluded that there had been no breach of confidence. We will reverse a trial court's finding of fact only if it is against the great weight and clear preponderence of the evidence. *First Nat. Bank v. Scalzo,* 70 Wis.2d 691, 235 N.W.2d 472 (1975). Martell does not identify any information or confidences in the files or elsewhere which may have been communicated by Skemp to INA and Chrysler. Since we cannot presume that any confidences were breached, we do not find the trial court's finding that there were no breaches of confidence to be against the great weight and clear preponderance of the evidence.

Although Martell did not request that the trial court suppress the affidavit obtained by Skemp, which includes Martell's conclusion that she is not an agent of the *Tribune,* INA's counsel conceded at oral argument that INA on behalf of the *Tribune* had no objection to this court's ordering the suppression of the affidavit so that it cannot be used at trial.

To alleviate any unfairness which may result from the use of the affidavit, we order the suppression of the entire affidavit and any part of the pleadings which refer to Martell's belief that she is not a *Tribune* employee.

(2) *Tortious Interference with the Contractual Relationship Between Skemp and Martell*

Martell urges that INA and Chrysler knowingly interfered with her contractual relationship with Skemp and that this justifies the dismissal of their cross-claims and defenses against her.

If the facts are as Martell states she may have a claim for damages against INA and Chrysler.

In *St. Francis S. & L. Asso. v. Hearthside Homes,* 65 Wis.2d 74, 81, 221 N.W.2d 840, 844 (1974), the Wisconsin Court adopted sec. 312 of the *Restatement (Second) Agency* which states:

A person who, *without being privileged to do so,* intentionally causes or assists an agent to violate a duty to his principal is subject to liability to the principal." (Emphasis added.) [Quoting *Restatement (Second) Agency* sec. 312 at 50 (1958).]

The court noted that "under this provision, intention to cause or assist a violation of duty is the controlling consideration, not malice or personal profit," and that "intentional assistance is enough." *St. Francis S. & L. Asso.,* 65 Wis.2d at 81, 221 N.W.2d at 844–45.

Although not expressly adopted by the Wisconsin Supreme Court, *Restatement (Second) Agency* sec. 313(1) at 52, is more on point with the facts in this case:

Adversely Employing Agent of Another (1) A person who, knowing that the other party to a transaction has employed an agent to conduct a transaction for him, employs the agent on his own account in such transaction is subject to liability to the other party, unless he reasonably believes that the other party acquiesces in the double employment.

Martell contends that the only meaningful remedy in her situation is to preclude INA and Chrysler from asserting substantive claims and defenses against her. We disagree with this contention.

To date the only harm suffered by Martell is the alleged emotional distress suffered as a result of her attorney's alleged simultaneous representation of three clients with adverse claims. The remedy for such harm is not the dismissal of the other clients' substantive claims, but damages if their tortious conduct is shown. Such damages, if any, must be proven in another action.

As Martell may pursue actions against Skemp, INA and Chrysler for any actual damages from the alleged misconduct, which has never been proven in a court or before a professional disciplinary committee, this court does not believe it appropriate to take the unprecedented step of precluding a party from bringing a substantive claim having no connection to that misconduct. Skemp is not a party to this lawsuit, nor is there any presentation of his side of the controversy. On this record, we will not hold that misconduct in fact occurred. The record also does not support a finding that either INA or Chrysler are responsible for any alleged misconduct.

We suppress the affidavit obtained by Skemp and such portions of the pleadings which purport to reflect Martell's belief that she is not a *Tribune* employee. In other respects, we affirm the trial court's denial of the motion to preclude.

*By the Court.*—Order affirmed as modified.