An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

BINGHAM & SNOW NEVADA, PC, A
NEVADA PROFESSIONAL
CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
    and
PREMIER PROPERTIES OF
MESQUITE, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Real Party in Interest.

No. 66364

**FILED**

JUL 09 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to adjudicate an attorney's lien.

Petitioner Bingham & Snow Nevada, PC, and its predecessor-in-interest represented a party in lawsuits against real party in interest Premier Properties of Mesquite, LLC (Premier) and other parties. Bingham & Snow served an attorney representing Premier and another party with a notice of an attorney's lien. The district court denied Bingham & Snow's motion to adjudicate the lien.

Writ relief is appropriate where there is no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; *see Halverson v. Miller*, 124 Nev. 484, 487, 186 P.3d 893, 896 (2008). A party's attorney "has no standing to appeal from the order determining his attorney's lien." *Albert D. Massi, Ltd. v. Bellmyre*, 111 Nev. 1520, 1521,

15-20826

908 P.2d 705, 706 (1995). Thus, Bingham & Snow properly brings a writ petition to challenge the district court's denial of its motion to adjudicate.

We consider two issues raised in the writ petition and answer: (1) whether the district court had jurisdiction to consider Bingham & Snow's motion to adjudicate and (2) whether Bingham & Snow's attorney's lien was enforceable. We review these issues de novo. *Leventhal v. Black & LoBello,* 129 Nev., Adv. Op. 50, 305 P.3d 907, 910 (2013) (stating that we review de novo the construction of the statute authorizing an attorney's charging lien); *Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish,* 125 Nev. 527, 531, 216 P.3d 779, 782 (2009) (stating that we review de novo the district court's jurisdiction to resolve an attorney's lien dispute).

*The district court had jurisdiction to consider Bingham & Snow's motion*

Premier argues that the district court lacked jurisdiction to consider Bingham & Snow's motion to adjudicate the attorney's lien.

After a final judgment is entered, "the district court retains jurisdiction to consider collateral matters." *Emerson v. Eighth Judicial Dist. Court,* 127 Nev., Adv. Op. 61, 263 P.3d 224, 229 (2011). The adjudication of an attorney's lien is a collateral matter over which the district court has incidental jurisdiction because its enforceability arises from the underlying litigation but does not directly concern the merits of the case. *See Argentena,* 125 Nev. at 532-33, 216 P.3d at 783. Therefore, the district court had jurisdiction to consider Bingham & Snow's motion to adjudicate the attorney's lien.

*The attorney's lien was unenforceable because it was not perfected*

Bingham & Snow argues that it perfected its attorney's lien by serving a notice of the lien on an attorney who represented Premier and another party in the underlying litigation.

NRS 18.015 establishes the requirements for an attorney's charging lien. In relevant part, this statute provides that "[a]n attorney perfects a lien . . . by serving notice in writing . . . upon the party against whom the client has a cause of action." NRS 18.015(3).

Notice provided to an attorney with regard to one client cannot be imputed to a different client and does not create a duty for the attorney to determine whether the notice is relevant to another client's interests. *See In re Perle*, 725 F.3d 1023, 1028 (9th Cir. 2013); *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985); *Bayne v. Jenkins*, 593 S.W.2d 519, 533 (Mo. 1980); *Ross v. Mayflower Drug Stores*, 12 A.2d 569, 571 (Pa. 1940); *Secord v. Chrysler Corp.*, 292 N.W.2d 365, 368 (Wis. Ct. App. 1980).

Premier was a party against whom Bingham & Snow's client had a cause of action in the underlying litigation. Therefore, Bingham & Snow had a duty to serve Premier with notice of the attorney's lien.

When serving the notice of its attorney's lien on the attorney who represented Premier and the other party, Bingham & Snow produced a certificate of service that identified that the notice was for the other party and did not indicate that it was for Premier. The record does not suggest that Bingham & Snow otherwise attempted to serve notice of the attorney's lien on Premier. Thus, by not serving Premier, Bingham &

Snow failed to perfect the attorney's lien. As a result, the district court properly denied Bingham & Snow's motion to adjudicate.[1] Therefore, we ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]In light of Bingham & Snow's failure to perfect the attorney's lien, we decline to address the remaining issues raised by the petition and answer, including whether service of a party's attorney would fulfill NRS 18.015(3)'s notice requirement and whether various parties in the underlying litigation had standing to contest the attorney's lien.

cc: Hon. Rob Bare, District Judge
Bingham Snow & Caldwell
Lewis Roca Rothgerber LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A